EVANS, Appellant, vs. WAITE, by guardian *ad litem*, Respondent.

*September 30 — October 25, 1892.*

*Minor armed with revolver: Accidental shooting: Consent to unlawful act.*

1. A minor going armed with a revolver in violation of ch. 329, Laws of 1883, is liable for an injury caused by an accidental discharge thereof, whether he was negligent or not, and notwithstanding the person injured was consenting to his being so armed.

2. The only effect of such consent is to confine the recovery to compensatory damages.

APPEAL from the Circuit Court for *Waukesha* County.

This is an action to recover damages for personal injuries alleged to have been inflicted by defendant upon plaintiff. It is charged in the complaint that " on July 4, 1891, while the plaintiff was lawfully riding on horseback on the public highway, in company with defendant, the defendant, being then and there armed with a revolver loaded with powder and leaden ball, negligently and carelessly discharged the said revolver so that the ball therefrom struck the plaintiff in the hip, and passed on through the flesh into his thigh, where it became lodged and imbedded so that it was impracticable to remove the same; and that the said ball so fired from the revolver in the hands of the defendant caused a deep, painful, and dangerous wound." It is further alleged that the defendant is a minor of about the age of eighteen years.

The defendant answered by his guardian: (1) A general denial; and (2) that the plaintiff was guilty of contributory negligence, in that he enticed the defendant to go with him for the purpose of shooting, and that while the parties were shooting the plaintiff was accidentally injured, and not through any negligence of the defendant.

On the trial it was proved that the defendant was a

Evans vs. Waite.

minor; that on the occasion mentioned in the pleadings he was armed with a revolver; and that the plaintiff was wounded, as charged in the complaint, by a bullet discharged from the revolver by accident, when in the hands of the defendant. The circuit judge held that, because the defendant was a minor and was armed with a revolver in violation of ch. 329, Laws of 1883 (S. & B. Ann. Stats. sec. 4397b), he was liable to the plaintiff for the injury, without regard to the question of negligence. Thereupon the jury were instructed to find for the plaintiff and to assess damages for the injury. The court confined the recovery to compensatory damages. The jury assessed plaintiff's damages at $375, nearly $150 of which was for actual necessary expenses incurred by the plaintiff, and for loss of time by reason of the injury. A motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*. They contended, *inter alia*, that the plaintiff was *in pari delicto* with defendant and cannot recover. *Wallace v. Cannon*, 38 Ga. 199, 95 Am. Dec. 385. Violation of the law was not negligence *per se*. *Poland v. Earhart*, 70 Iowa, 285; *Knupfle v. Knickerbocker I. Co.* 84 N. Y. 488; *Lane v. Atlantic Works*, 111 Mass. 136; *Brusberg v. M., L. S. & W. R. Co.* 50 Wis. 231.

*C. E. Armin*, for the respondent, as to the liability for injuries resulting from accidental discharge of fire-arms, cited Shearm. & Redf. Neg. sec. 587; *Chataigne v. Bergeron*, 10 La. Ann. 699; *Underwood v. Hewson*, 1 Strange, 596; *Tally v. Ayres*, 3 Sneed (Tenn.), 677; *Morgan v. Cox*, 22 Mo. 373.

LYON, C. J. In *Shay v. Thompson*, 59 Wis. 540, it was held that if two persons, by mutual consent, in anger fight

together, each is liable to the other for actual damages. The fighting being unlawful, the consent of either party is no bar to the action. The authorities upon which the decision is based are cited in the opinion. The rule of that case applies here. It was unlawful for the defendant to be armed with a revolver when the plaintiff was injured, and hence he is liable for any injury inflicted by him with such weapon. It is immaterial that the plaintiff was consenting to the defendant being so armed and to his use of the revolver. Such is the rule of *Shay v. Thompson*, 59 Wis. 540. The only effect of such consent was to confine the recovery to compensatory damages, and it was so restricted.

The question of negligence is also immaterial. True, the complaint charges that the defendant was negligent, but it also contains a sufficient statement of a cause of action based upon the fact that the defendant was unlawfully armed with the revolver with which he wounded the plaintiff. Were there any defect in the complaint in that view of the case, it was amendable, for the whole transaction was fully proved on the trial without objection. This brings the case within the rule which allows the pleading to be amended to correspond with the proofs, or permits a variance between the pleadings and proofs to be disregarded. We fail to find any error disclosed in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

