John Osborne, Appellant, v. B. R. Van Dyke.

**Injury by Wrongful Act:**   intervening cause: *Proximateness.*
    Plaintiff, an employe of defendant, was holding a horse while defendant applied medicine to its neck. The horse jumped, and defendant began beating it with a heavy stick with a nail

113   557
126   205
126   634

113   557
132   739

113   557
138   209

113   557
140   337

drawn through it, and by reason of defendant's foot slipping, he unintentionally hit the plaintiff on the nose, causing injury. *Held*, an instruction that defendant would not be liable if in beating the horse he exercised reasonable care to avoid striking plaintiff, and the blow which inflicted the injury was caused by an accidental slip, was erroneous, since the slipping of defendant's foot, being the consequence of his own wrongful act, was not an excuse for the injury.

SAME. *Instructions.* Code, section 4969, imposes a penalty for cruelty to animals. Defendant was engaged in beating a horse with a heavy stick with a nail through it and, by reason of defendant's foot slipping, he unintentionally hit plaintiff on the nose, causing injury. *Held*, a charge that it was not material for the jury to find whether or not the act of defendant in striking the horse was unlawful was erroneous, since if the act was unlawful, defendant was liable for all the damages which naturally resulted therefrom.

*Appeal from Lucas District Court.*—HON. T. M. FEE, Judge.

FRIDAY, APRIL 12, 1901.

ACTION to recover damages for personal injuries inflicted through the negligence of defendant. There was a jury trial, which resulted in a verdict in defendant's favor. From a judgment rendered thereon assessing the costs of the action to plaintiff, he appeals.—*Reversed.*

*Dungan & Bartholomew* for appellant.

*Stuart & Stuart* for appellee.

WATERMAN, J.—Plaintiff was in the employ of defendant, and, among other duties, had the care of several horses. On the occasion in question, as plaintiff was leading into a shed with a halter one of the horses, defendant stopped him, and undertook to apply a wash to a galled place on the animal's neck. The horse was nervous and restless, and would not stand, so a twitch was put on him, and plaintiff held this with the halter while the wash was applied. · After the twitch was removed, defendant noticed another bruised

spot on the animal's shoulder, and he attempted, without re-placing the twitch, to wash this. The horse jumped aside, and struck defendant, throwing upon his clothes the medi-cine, which he had in a tin can in his hand. (1) This an-gered defendant, who seized the twitch, the handle of which was a heavy stick with a nail in the end, and began violently and brutally beating the horse, which struggled to escape. Plaintiff tried, without avail, to induce defendant to desist. Finally a blow aimed missed the horse because of a slip by defendant, and plaintiff was struck in the face, breaking the bones of his nose and otherwise injuring him. There was no evidence tending to show that the blow so struck was intentional. The court submitted the case to the jury on the theory of defendant's negligence, instructing them that de-fendant would not be liable if in beating the horse he exer-cised reasonable care to avoid striking plaintiff, and the blow which inflicted the injury was caused by an accidental slip, for which defendant was not to blame; and the jury was fur-ther told, in effect, this would be so even if defendant, in beating the horse, was guilty of an unlawful act.

We think the instructions omit one essential fact, viz.: Was it negligence for defendant to strike the horse in the manner he did and under the circumstances existing at the time? If it was, he is liable for the natural and probable consequences of his act, even though the precise result which followed may not have been anticipated. *Doyle v. Railway Co.*, 77 Iowa, 607-610. An "accident" may be defined as an event happening unexpectedly and without fault. *Leame v. Bray*, 3 East, 593. Now, it cannot be said that defendant was without fault for the slip of the foot, which he urges in excuse, if it grew out of or resulted from his negligent act. There was evidence tending to show that defendant, in bru-tally beating the horse while plaintiff was holding it, did so for no other purpose than to vent his rage by inflicting phys-ical pain on the object of his fury. The slip of the foot that caused the blow to go amiss cannot, if this state of facts

is true, be said to have been without plaintiff's fault. He
could not reasonably have supposed the horse would stand
quietly and receive the punishment administered. If, then,
he was negligent in striking the animal as he did, he cannot
escape because some intervening cause, growing out of his
wrong, aided in producing the results of which complaint is
made. *Gould v. Schermer,* 101 Iowa, 583.

The case at bar is stronger in its facts than the one
cited, for here there is evidence tending to show the claimed
intervening cause was brought about by defendant's wrong-
ful act. But if it can be said the sixth instruction given by
the court submitted to the jury the question of whether de-
fendant was negligent as a matter of fact in striking his
horse, though we must say we are not inclined to give it that
construction, there is still another point to be considered.

II. In the ninth paragraph of the court's charge, the
jury were told: "It is not material or necessary for you to
find whether or not the act of defendant in whipping or
striking his horse was unlawful." It was claimed on
behalf of appellant that, if defendant was engaged in the
doing of an unlawful act which resulted in injury to plain-
tiff, such conduct would be negligence as matter of law.
There was evidence going to show that defendant was guilty
of a violation of section 4969 of the Code, which imposes a
penalty for cruelty to animals. "The general rule of law is
that whoever does an illegal or wrongful act is answerable
for all the consequences that ensue in the ordinary and natu-
ral course of events." 1 Addison, Torts, 7. In *Messenger v.
Pate,* 42 Iowa, 443, defendant was sued for an injury caused
by the unboxed tumbling rod of a threshing machine. The
statute made it a misdemeanor to operate a machine with
such rods unboxed. This court announced the following
rule of law in that case: "We concur in the general propo-
sition that whenever an act is enjoined or prohibited by law,
and the violation of the statute is made a misdemeanor, any
injury to the person of another, caused by such violation, is
the subject of an action; and it is sufficient to allege the vio-

lation of the law as the basis of the right to recover, and as constituting the negligence complained of." So, likewise, it is held that, where one is unlawfully carrying a loaded revolver, he is liable for injuries done another by its discharge, although the person injured assented to the revolver being carried. *Evans v. Waite,* 83 Wis., 286, (53 N. W. Rep., 445). See, also, *Weick v. Lander,* 75 Ill., 93; *Salisbury v. Herchenroder,* 106 Mass., 459; *Conn v. May,* 36 Iowa, 244. If the defendant was doing an unlawful act in beating the horse, he is liable for damages caused thereby, and the subsequent accidental slip would not shield him, for the reasons already stated. The well-known "Squib Case" is a leading authority illustrative of the principle that one who wrongfully sets in motion a force by which another is injured is liable, although an intervening agency, not in itself wrongful, aided in producing the result. *Scott v. Shepherd,* 2 W. Bl., 892, 1 Smith, Lead. Cas. 797. We do not regard the case of *Tingle v. Railroad Co.,* 60 Iowa, 333, cited by appellee, as in conflict with the views here expressed. In that case the unlawful act (operating a train on Sunday) was a condition, but not a cause of the injury done. For the reasons given, the case must go back for a new trial.—RE-VERSED.