MICHAEL CORBETT *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Suffolk.   January 9, 1913. — September 11, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* In delivering freight, Railroad.   *Carrier,* Of goods.

In an action against a railroad corporation by a teamster for personal injuries sustained from a door of a sealed car in a freight yard of the defendant falling upon the plaintiff when he was attempting to open the door for the purpose of unloading the car, if it appears that the defendant had placed the car on its delivery track and, through a clerk, had pointed out the car to the plaintiff, this can be found to have constituted a representation by the defendant to the plaintiff that the car was in a suitable place and condition for him to unload it, and a permission, if not an invitation, to him to unload it.

---

In the above described action an instruction, to the effect that the defendant was not liable unless the car had been in the freight yard long enough for the defendant to inspect it, was said to have been unnecessarily favorable to the defendant, because the defendant's liability did not depend on whether it had had a reasonable opportunity to inspect the car but on its failure to use reasonable care to see that the car was in a condition to be unloaded safely by the plaintiff.

TORT by a teamster, who had been sent by his employers to unload wool from a sealed car in a freight yard of the defendant, for injuries sustained on August 22, 1910, when the plaintiff was attempting to open a door of the car as stated in the opinion. Writ dated November 7, 1910.

In the Superior Court the case was tried before *Dubuque,* J. The evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon the whole evidence the plaintiff is not entitled to recover.

"2. The evidence is not sufficient to warrant a recovery upon the plaintiff's declaration.

"3. The evidence does not sustain the case set forth in the declaration.

"4. If the jury find that the plaintiff attempted to pry open the car door with an iron bar, the plaintiff is not entitled to recover.

"5. If the jury find that the plaintiff tried the car door and finding that he could not push it open with his hands, attempted to pry it open with an iron bar, and in so doing caused it to fall, the plaintiff is not entitled to recover.

"6. If the plaintiff tried the car door and found that it would not open in the usual way, and that it was necessary to use an iron bar to move it, he should have reported the matter to the defendant and given the defendant an opportunity to remedy the difficulty, rather than attempt to force the door open himself.

"7. Upon the evidence the plaintiff had no right to work on the side of the car he was on when the door fell.

"8. If the plaintiff chose to go to the side of the car upon which he was when the door fell, he did so at his own risk; in doing this he was not acting upon any invitation of the defendant.

"9. The doctrine of *res ipsa loquitur* does not apply to this case."

The judge refused to make any of these rulings, and gave to the jury other instructions, some of which are stated in the opinion.

The defendant, besides excepting to the refusal of the rulings, also excepted to certain portions of the charge as follows:

"To that portion of the charge in which the court instructed the jury that it was for them to say whether it was reasonable for the plaintiff to try to open the door in the way he did for the purpose of ventilation;

"To that portion of the charge wherein the court also instructed the jury that if the plaintiff used a bar and so caused the door to fall upon him it was for the jury to say whether the plaintiff was negligent in so using the bar;

"To that portion of the charge in which the court instructed the jury that it was a question of fact for them to determine whether the car had been at this place long enough to make it the defendant's duty to have inspected it;

"To that portion of the charge in which the court instructed the jury that it was a question of fact for them to determine whether the plaintiff acted reasonably in using a crowbar under the circumstances, if he did use one."

The jury returned a verdict for the plaintiff in the sum of $250; and the defendant alleged exceptions.

The case was submitted on briefs.

*G. L. Mayberry,* for the defendant.

*J. J. Mansfield,* for the plaintiff.

MORTON, J.  This is an action of tort to recover for injuries caused by the falling of a car door upon the plaintiff as he was attempting to open it.  The case is here on the defendant's exceptions.

The car was a Chicago and Great Western Railroad Company car, and was loaded with wool which the plaintiff was sent by his employers, a firm of teamsters, to unload and deliver "where it was going."  It was in the defendant's yard at East Boston known as the Porter Street yard, and stood upon a delivery track so called.  There was evidence tending to show that a clerk in the defendant's employ acting, as could be found, within the scope of his authority, and for the purpose of aiding the plaintiff in the unloading of the car, pointed out its location to the plaintiff. On one side of the car there was a space for teams and the delivery

of freight, but none on the other. The car had two doors on opposite sides, both sealed. There was nothing to show that any directions were given or were expected to be given to the plaintiff by the defendant in regard to unloading the car, and, so far as appears, he was left to break the seals and open and unload the car in his own way. The plaintiff drew up alongside the car with his team and tried to open the door, as he testified, but was unable to do so on account of the wool that pressed against it. Thereupon he went round to the other door, broke the seal, lifted the latch or hasp, and was in the act of shoving back the door when it fell upon him. This was in substance the plaintiff's account of the accident. The defendant introduced evidence tending to show that the door on the delivery side was open, and that the plaintiff attempted to open the other door for more ventilation; that the door was in good condition; and that in opening it the plaintiff used an iron bar and pried it up out of the groove in which it ran, and thereby caused it to fall on him. This was denied by the plaintiff.

The question whether the accident happened as the plaintiff testified that it did, or in the manner described by the defendant, or in some other manner, was plainly one of fact for the jury. It could not be ruled as matter of law that the plaintiff had no right to open the door for ventilation or for the purpose for which he testified that he opened it. The placing of the car upon a delivery track and the pointing out of its location by the clerk to the plaintiff constituted, or could be found to constitute, a representation by the defendant on which the plaintiff was justified in acting, that the car was in a suitable place and condition for him to unload, and an assent to his unloading it if not an invitation to him to unload it. And he was left, so far as appears, as already observed, to break the seals and open and unload it in his own way. It was for the jury to say whether, when he found, according to his own testimony, that he could not open the door on the delivery side, he was required in the exercise of due care to notify the defendant, or seek assistance from it. It was also for the jury to say whether, if they found that the plaintiff opened the door with an iron bar, that was under the circumstances a proper way to open it, and whether the plaintiff used due care. There was evidence tending to show that it was sometimes necessary to use an

iron bar in opening a car.  The judge instructed the jury in substance that if the door was not defective and it fell because of the plaintiff's carelessness in using an iron bar and in prying the door out of the groove or slide in which or on which it ran, then the plaintiff could not recover.  The defendant in effect concedes that the fall of the door, if it occurred in the way in which the plaintiff testified that it did, would be evidence of negligence on the part of some one, but it contends that the only duty which, under the circumstances, it owed to the plaintiff was that of proper inspection, and that the falling of the door in the manner described by the plaintiff was not of itself evidence of negligence by it in the performance of that duty, for the reason that it did not appear how long the car had been in the defendant's possession.  But the plaintiff was not an employee of the defendant, and the defendant owed him no duty of inspection as such.  The relation which the plaintiff occupied towards the defendant was that of one coming to its premises on business which involved the unloading of the car by him and in respect to whom the defendant was required to exercise reasonable care to see that the car was in a condition to be safely unloaded.  It was for the jury to say whether the defendant had exercised such care and whether the accident was due to its negligence.  It could not be ruled as matter of law that it was not, and by leaving it to the jury to say whether the car had been there long enough to allow the defendant to inspect it, the court ruled too favorably, if anything, for the defendant.  Its liability did not depend on whether it had or had not had a reasonable opportunity to inspect the car, but on its failure to use reasonable care to see that the car was in a condition to be safely unloaded by the plaintiff.

We discover nothing in the conduct of the trial which requires that the exceptions should be sustained.

*Exceptions overruled.*