MICHAEL GRIFFIN, RESPONDENT, v. JOHN BARTON PAYNE. DIRECTOR GENERAL OF RAILROADS, APPELLANT.

Submitted December 6, 1920—Decided February 28, 1921.

1. A common carrier, which assumes the duty of transportation of a car other than its own, is required to make such examination thereof as would be likely to discover conditions rendering a car unfit for safe transportation, and at convenient places during the journey to make the same inspection and test of such car as it would make of its own car for the purpose of discovering defects.

2. Plaintiff was injured while attempting to open the door of a freight car, consigned to his employer, and which had been transported over defendant's lines from the lines of another railroad company. The evidence showed that the jamb of the door was decayed and that a cleat had been placed across the door, for the purpose of preventing the door from falling by reason of the decayed condition of the support. No knowledge of the defect was conveyed to the plaintiff or his employer. *Held,* that the defendant was chargeable with knowledge of the inherent danger, incident to one who, in the performance of his duty of opening the car, would necessarily incur without some warning or notice of the latent defect, and that such a situation imposed upon the defendant the duty of exercising due care to warn the consignee and its employes of this latent danger, by exhibiting upon the door, or at some point adjacent thereto, a sign or cautionary notice indicative of the danger incident to such act.

On appeal from the Hudson County Circuit Court.

For the respondent, *Alexander Simpson.*

For the appellant, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

MINTURN, J. While the plaintiff was engaged in opening the side door of a freight car on the Pennsylvania railroad, in which were goods consigned to the plaintiff's employer, at Jersey City, the door, owing to the decayed condition of the adjoining wood, into which its hinges were fastened, suddenly fell out and upon the plaintiff, causing injuries which present the basis of this action. The car containing a shipment of perishable fruit from Richmond, Virginia, was the property of the C. C. & St. L. railroad, a connecting carrier, and came into the defendant's control at Edgemore, Delaware, while in transit.

The plaintiff and a fellow employe undertook to open the side doors, for the purpose of unloading the car. The door on the side of the car opposite the delivery platform was opened by the plaintiff, by first removing therefrom a wooden cleat or board about seven feet long, which had been nailed across the door, apparently as plaintiff might reasonably infer, to afford additional fastening to secure the lock, and thus prevent the door from opening. The door was made of two sections, opening from the centre by means of a lever. The board or cleat having been removed, plaintiff undertook to operate the lever, when the right-hand section of the door, weighing about seven hundred pounds, fell upon him. There was no notice or cautionary warning upon the door to indicate to the plaintiff any inherent defect, nor did the door, from its appearance, give any indication of its defective condition, except as might reasonably be inferred from the presence of the superadded protection of the cleat. The car had been inspected at Edgemore and at Jersey City by the defendant's inspector, but the inherent defect which manifestly necessitated the use of the board or cleat, was in

no way brought to the attention of plaintiff, or of any one who might lawfully exercise the right of opening the door to remove the contents of the car. The case is before us upon the denial of a motion to nonsuit and to direct a verdict.

This court, in *Anderson* v. *Erie Railroad*, 68 *N. J. L.* 647, speaking by Mr. Justice Dixon, laid down three principles or theorems, upon which the liability of a defendant carrier, which assumes the duty of transportation of a car other than its own, may be predicated. The second of these requires such carrier "to make such examination as would be likely to discover conditions rendering a car unfit for safe transportation;" and the third requires the company "at convenient places during the journey  *  *  *  to make the same inspection and test of such car as it would make of its own car, for the purpose of discovering defects." These specific requirements may obviously be reduced to the generic common law duty of exercising due care in the selection and operation of the vehicle with which the carrier undertakes to perform its common law and statutory duty.

In this instance it is manifest from the testimony, that the defect did not inhere in the door itself, nor in the lever or lock which was used to fasten and unfasten it; but in the decayed portion of the wood work or "jamb," as it is termed, upon which the door hung, or from which it was supported by means of hinges. The obvious purpose, therefore, as the jury might infer, of nailing the board or cleat across the door was not to keep it from opening in transit, but to prevent it from falling by reason of the decayed condition of its supports; and such being the purpose, the defendant, *ipso facto*, became chargeable with knowledge of the inherent danger, incident to one who in the performance of his duty of opening the door, to unload the car, would necessarily incur without some warning or notice of the latent danger, he being unconscious and ignorant of the impending danger incident to his undertaking. Such a situation imposed upon the defendant the duty of exercising due care to warn the consignees and its employes of this latent danger, by exhibiting upon the door or at some point adjacent thereto, a sign or

cautionary notice, indicative of the danger incident to such act. Upon such reasoning and inferences this verdict is supportable under the testimony, and is consistent with the fundamental legal theory upon which the doctrine of negligence is rested, *i. e.*, failure upon the part of one cognizant of the facts and charged with the duty of due care, to exercise reasonable foresight to anticipate probable harm under the circumstances. *Munroe* v. *P. R. R.*, 85 *N. J. L.* 688; *Soriero* v. *P. R. R.*, 86 *Id.* 642; *Higgins* v. *Goerke Co.*, 91 *Id.* 464; *Beck* v. *Director General, ante p.* 158.

In consonance with this legal obligation it is declared, "Since knowledge of the parties is the test of liability, the test in any negligence action becomes one of comparative knowledge—the knowledge of the defendant opposed to the knowledge of the person injured. Liability is established when it is shown that the peril being of the defendant's creation, was known to the defendant, but not to the person injured." 20 *R. C. L.* 14, and cases cited.

It is not the case of the failure to discover a defect after reasonable inspection, but a situation presenting knowledge of a dangerous condition, an inefficient attempt to remedy it, for the purpose of transit and a failure to foresee that without some exhibition of ordinary and reasonable prudence, by notice indicating the latent danger, damage might naturally result to one lawfully engaged in unloading the freight.

Such was the gravamen of the complaint, and there being in the case sufficient testimony to warrant that factual inference, both the refusal to nonsuit, as well as the refusal to direct a verdict, were proper.

The judgment will therefore be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 16.

*For reversal*—None.