## MAHER v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit.   December 29, 1921.)

No. 3009.

**1. Railroads ⬳282(2)—Variance between pleading and proof as to consignee's work when injured held not fatal.**

In a consignee's action for injuries caused by a car door becoming partially detached and striking him, there was no fatal variance between an allegation that he was injured when unloading the car and proof that he was injured while attempting to close the door after partially unloading it, where by the custom of the parties the unloading was not a continuous process, and the question of variance was not raised in the trial court, so that plaintiff was given no opportunity to amend.

**2. Railroads ⬳282(2)—Variance between pleading and proof as to cause of fall of car door held not fatal.**

In a consignee's action for injuries from a defective car door, there was no fatal variance between an allegation that the door became partially detached as the direct and proximate result of its dangerous condition and proof that it fell because of plaintiff's exertion in attempting to close it, where the question of variance was not made in the trial court.

**3. Railroads ⬳275(1)—Duty to deliver car reasonably safe.**

It was a railroad company's duty to deliver to a consignee a car in reasonably safe condition to be unloaded.

**4. Railroads ⬳282(9)—Negligence in failing to furnish reasonably safe car held for jury.**

In an action for injuries sustained by a consignee when a car door which he was attempting to close came off the iron rail supporting it, *held*, that the railroad company's negligence in failing to furnish a door in reasonably safe condition to use as doors are intended to be used was a question for the jury.

**5. Evidence ⬳591—That plaintiff's witnesses did not entirely corroborate him, or differed from him, did not preclude recovery.**

In an action for injuries from the alleged defective condition of the door of a railroad car, plaintiff was not precluded from recovering because his witnesses differed from him in some particulars, and with respect to others did not remember, since, though plaintiff may have vouched for their integrity, he did not vouch for their powers of observation, or the completeness and accuracy of their memories in every particular.

**6. Trial ⬳139(1)—Question on motion for directed verdict for defendant is whether plaintiff has produced substantial evidence.**

On a motion for a directed verdict for defendant, the question is whether plaintiff has produced substantial evidence in support of every material averment in his declaration, and not whether some of the evidence may be in conflict with other evidence.

**7. Railroads ⬳279—Defective car door proximate cause of injury.**

Where a consignee's injury from a car door coming off the rail supporting it as he was attempting to close it would not have been inflicted, but for the defective condition of the door, the defect was the proximate cause of the injury, though the injury would not have been incurred, if plaintiff had not touched the door.

**8. Negligence ⬳122(1)—Contributory negligence affirmative defense.**

Under federal law, contributory negligence is a defense which must be affirmatively established by defendant.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Negligence ⟊136 (26)—Contributory negligence question for jury.**

　　To warrant a directed verdict, the defense of contributory negligence must be conclusively established.

**10. Railroads ⟊282 (9)—Contributory negligence of consignee held question for jury.**

　　Whether a consignee of a carload of ice was negligent in failing to discover the conditions which permitted the door to come off the rail supporting it and injure him as he was attempting to close it, or in failing to suspend delivery of ice to his customers until the carrier repaired the door, *held* a question for the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Edward Maher against the Chicago, Milwaukee & St. Paul Railway Company. Judgment on a directed verdict for defendant, and plaintiff brings error. Reversed, with directions.

James C. McShane, of Chicago, Ill., for plaintiff in error.
Carl S. Jefferson, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. At the conclusion of plaintiff's evidence, defendant having introduced none, the court·directed the jury to return a verdict for defendant, and this writ of error challenges the resulting judgment.

Relationship of parties was that of consignee and common carrier by railroad. Plaintiff had been accustomed for some time to ship ice into Chicago on defendant's railroad in carload lots. Defendant would place the car on one of its sidings; and plaintiff would place in front of the door in the side of the car a platform, of a height to come slightly below the level of the car floor, so that ice could be transferred from the car to the platform and thence to the wagons of plaintiff's customers.

[1, 2] I. *Variance.* Plaintiff alleged:

"The defendant delivered to the plaintiff a carload of ice, and in so delivering it placed the car in which it was contained on the said track, at the said platform, for the purpose of having the ice removed therefrom by the plaintiff on the said platform; that in order that the said car might be unloaded with an ordinary degree of safety by the plaintiff, it was necessary that the said car should be in an ordinary safe condition for the plaintiff to unload, and by reason of the premises it then and there became and was the duty of the defendant, in delivering the said carload of ice as aforesaid, to exercise ordinary care to furnish a car which was in a reasonably safe condition for the plaintiff to unload; yet the defendant, not mindful of its duty in this regard, and with utter disregard of the safety of the plaintiff in unloading the said car, carelessly and negligently used and furnished a car which was in a dangerous condition for the plaintiff to unload, in that the appliances by which the door of the said car which was on the side of the said car which was nearest to the said platform, was attached to the said car and held in its position on the said car, were so loose and otherwise out of repair, and in such defective condition, that the said door was likely to fall upon and injure the plaintiff, when he was unloading the said car; and while the plaintiff with all due care and diligence for his own safety was unloading the said car, and in so doing was standing on the said platform, the said door, as the direct and proximate result of the said dangerous condition, became partially

_____

⟊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

detached from the said car, and struck against the plaintiff and knocked him from the said platform on which he, the plaintiff, was then and there standing, and he, the plaintiff, was then and thereby knocked from the said platform to and upon the ground there, and thereby he was then and there greatly injured."

Proofs show that the car arrived on August 11th; that on the 12th plaintiff removed ice for several customers; that between deliveries to customers he closed the car door; that he noticed certain defects in the door (as stated in the next paragraph hereof); that in continuing the process the next morning, the door, while he was endeavoring to close it, came off of the rail on which it was hung, and injured him. The first point of variance is that the averment is that he was injured "when he was unloading said car" and the proof is that he was injured during an attempt to close the car door. But according to the proven custom of these parties, the unloading was not a continuous process, and the opening and closing of the car door was a proper incident or part of the unloading. The other point is that the door did not fall as the direct and immediate result of its own defects, but because of plaintiff's muscular exertion in attempting to close it. But a door is intended to be used; and allegations with respect to a defective door (or any defective appliance or machine designed for human use) should not be construed to exclude a proper use thereof by the injured party. At all events the question of variance was not made in the trial court and plaintiff was not given an opportunity to amend as he might possibly have desired to do if the point had been raised.

[3-6] II. *Defendant's Negligence.* It was defendant's duty to deliver a car that was in a reasonably safe condition to be used for the purpose intended. Rld. Co. v. Freppon, 134 Ky. 650, 121 S. W. 454; Corbett v. Rld. Co., 215 Mass. 435, 102 N. E. 648; Rld. Co. v. Hummel, 167 Fed. 89, 92 C. C. A. 541. Before the injury plaintiff observed the following defects: The car door, about 6 feet wide and 6 or 7 feet high, was constructed of boards about 6 inches wide placed perpendicularly, and was held together only by a cleat across the top; the door was supported on a horizontal iron rail secured to the car above the doorway; it hung upon the rail by means of two iron hooks or hangers, one at each end of the door; there were no supports at the bottom of the door; above the rail was a canopy or guard of sheet metal which, as plaintiff understood the construction, was to keep rain from getting in at the top of the door and to prevent the hangers from getting off of the rail; there was no handle with which to pull or push the door open or shut; plaintiff found it hard to open or close the door; if he pulled on one edge of the door, the board on that edge would come away from its fellows; if he pushed, the door had something of a scissors action. After the injury, in trying to see why the hanger at one end had come off from the rail while he was endeavoring to close the door in the same manner he had succeeded in doing the day before, plaintiff observed that at the point of derailment the rail was sagged about half an inch, the canopy was arched up 3 or 4 inches, and the hanger had worn down about 1 inch. This evidence would justify a finding that defendant had failed to furnish a door

in a reasonably safe condition to use as doors are intended to be used. But defendant argues that the evidence should not be so taken, because plaintiff produced two witnesses who failed to support him throughout. In some particulars they corroborated plaintiff; with respect to others they did not remember; and as to some they gave a different version. By producing the witnesses plaintiff may be said to have vouched for their integrity; but he should not be held to have vouched for their powers of observation and the completeness and accuracy of their memories in every particular. Psychological tests have shown astonishing variations in the capacity to observe. It is a common experience to find that of many joint observers of an occurrence no two are able to give conterminous versions. A party may be justly criticized for suppressing testimony; but he should not be prejudiced in his right to have the truth of his case passed on by the triers of facts because he produces all the credible witnesses of whom he has knowledge. On a motion for a directed verdict the question is whether plaintiff has produced substantial evidence in support of every material averment in his declaration, not whether some of the evidence may be in conflict with other evidence. Payne, Director General of Railroads, v. Colvin, 276 Fed. 15 (this circuit).

[7] III. *Proximate Cause.* Defendant urges that the proximate cause of the injury was plaintiff's muscular exertions in closing the door. In one direction this contention verges upon the question of variance, already considered, and in another direction upon contributory negligence, which will next be taken up. Of course plaintiff's injury would not have been incurred if he had not touched the door. The same thing can be said of any injury received while using any sort of defective appliance; but that fact does not change the other fact, that without the defect the injury would not have been inflicted.

[8-10] IV. *Contributory Negligence.* Under federal law this is a defense which must be affirmatively established by defendant. To warrant a directed verdict it must be established conclusively. This defense may be drawn from the plaintiff's evidence; and in the present case the only evidence bearing on the subject came from plaintiff himself. He testified that before the injury he had observed the general ramshackle condition of the door and its fan-like or scissors-like action; but not until after the injury had he observed the sag in the rail, the arch in the canopy, and the worn-down condition of the hanger. These latter things he undoubtedly could have discovered by inspection. They were the things which, in the rickety condition of the door, permitted the hanger to jump off of the rail. He did not discover them. He was a merchant, not a car inspector. Was it negligence for him not to have discovered them and thereupon to have suspended delivery of ice to his customers (in midsummer) until on his complaint defendant had repaired the door? During all of the necessary occasions on the 12th he opened and closed the door without injury. "It worked hard," but it worked. And even if his retina had registered a photograph of the rail, the canopy, and the hanger, that would not be enough. For him to have apprehended the danger it would have been necessary for him mentally to have followed the ap-

plication of force on the edge of the door, to and through the boards held together only at the top, to and through the hanger in its relation to rail and canopy, and to have realized the likelihood or possibility of the hanger's being forced from the rail as it came to the enlarged space between the rail and the canopy. Compare Hawley v. C., B. & Q. Rld. Co., 133 Fed. 150, 152, 153, 66 C. C. A. 216. Would a reasonably prudent man under the circumstances have realized that he must quit using the door for its intended use or take upon himself the consequences of its further use? In our opinion reasonable and fair-minded men might differ in their answers, and the question should therefore have been submitted to the jury.

The judgment is reversed, with the direction to grant a new trial.