MISSOURI PACIFIC RAILROAD COMPANY *v.* SELLERS.

4-3204

Opinion delivered November 20, 1933.

*Thos. B. Pryor* and *Harvey G. Combs,* for appellant.

*Richardson & Richardson,* for appellee.

MEHAFFY, J. The appellee, Ralph Sellers, while un-loading a car of gravel at Swifton, Arkansas, received personal injuries on account of an alleged defect in the car, and sues the appellant, the Missouri Pacific Railroad Company, which was the delivering carrier, to recover damages for his injuries. The car of gravel was ship-ped from Black Rock to Swifton, consigned to D. H. Dal-ton & Company, a partnership composed of D. H. Dalton and T. B. Sarles. The car went over the St. Louis-San Francisco Railroad Company from Black Rock to Hoxie, and was at Hoxie turned over to the appellant, and transported over its line to Swifton, and placed on a sidetrack to be unloaded. The appellant is the deliver-ing carrier.

There was a hole in the bottom of the car, and, ac-cording to the testimony of appellee, was four or five feet long and eight or ten inches wide. One witness for appellant testified that the hole was approximately six inches wide and eighteen inches long. The hole was covered with a board or plank, and in unloading the car this board was removed by the clam bucket, which was used to unload the gravel. The appellee was unloading the car for Dalton & Company, by whom he was em-ployed at the time. The car was being unloaded in the usual manner, and appellee did not discover the hole in the bottom of the car until he stepped into the hole and was injured. His left shoulder and arm were wrenched, twisted and sprained, the ligaments and muscles were torn, lacerated and pulled loose, and the bones of his left shoulder fractured and dislocated.

There is no conflict in the evidence about the hole in the car, nor about how the accident occurred. No one saw the clam bucket pick up the board, but the evidence showed that it was bound to have been over the hole, otherwise the gravel would have been lost through it.

An employee of the Lutesville Sand & Gravel Company testified that when cars were delivered to them in which to ship gravel, they had to clean the cars out and patch them if they needed it, and make them in a safe condition, and that they never let a car go out that needed repairs, but witness did not remember about this particular car. They repaired cars like this by putting a plank over the hole and spiking it down.

The Frisco agent at Hoxie testified that there was no car inspector there, but they looked them over for any defect which they could see; that if a car came after he left, which was 4:30 in the afternoon, it would not be inspected at all.

It is contended by the appellant that the court erred in refusing to direct a verdict for it, and it is argued that the verdict of the jury was clearly contrary to the preponderance of the evidence under the rule of law that the only obligation resting on a carrier is to exercise ordinary care to furnish cars in such repair that they can be unloaded in reasonable safety to those engaged in that work.

The court gave instruction No. 1. By this instruction the court told the jury that it was the duty of the carrier to exercise ordinary care to furnish cars in such repair that they could be unloaded with reasonable safety to those engaged in that work. This instruction was not only not objected to by appellant, but it is a correct statement of the law as contended for by appellant.

The question of appellant's negligence was therefore submitted to the jury under proper instructions, and, if there is any substantial evidence to support the finding of the jury, its verdict cannot be disturbed by this court. The car was loaded with gravel, and it would therefore have been impossible for the appellant or any one else to inspect the floor from the inside of the car without removing the gravel. This fact, however, did not relieve the carrier from exercising ordinary care to make the car reasonably safe for the persons who unloaded it. The evidence does not show who repaired the car, nor where it was repaired, and the jury were justified

in finding that there was no proper inspection made to discover the defect in the floor of the car, and that no proper inspection was made. As we have said, there is practically no conflict in the evidence, and we deem it unnecessary to set out the evidence at length.

It was the duty of the appellant to make delivery of freight to the consignees, and when, in accordance with the custom or for the convenience of both parties, the delivery was made by placing the car on a side track to be unloaded by the consignee, an obligation rested on the carrier to exercise ordinary care to furnish cars in such repair that they could be unloaded with reasonable safety to those engaged in the work. *C., R. I. & P. Ry. Co.* v. *Lewis,* 103 Ark. 99, 145 S. W. 898; 3 Elliott on Railroads, § 1265 C; *Griffin* v. *Payne,* 95 N. J. Law 490, 113 Atl. 247; *Ladd* v. *N. Y., N. H. & Hartford Rd. Co.,* 193 Mass. 359, 79 N. E. 742, 9 L. R. A. (N. S.) 874, 9 Ann. Cas. 988.

We think the jury were justified in finding that the car was unsafe, and had not been properly repaired.

We find no error, and the judgment is affirmed.