### ERIE R. CO. v. MURPHY.
### No. 7958.

Circuit Court of Appeals, Sixth Circuit.
Jan. 19, 1940.

818

Martin S. Wilkison, of Youngstown, Ohio (Manchester, Ford, Bennett & Powers and M. S. Wilkison, all of Youngstown, Ohio, on the brief), for appellant.

John Ruffalo, of Youngstown, Ohio, for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from a judgment upon a verdict in favor of appellee, who sued to recover damages resulting from an injury he sustained while unloading a car load of beaverboard, delivered by appellant to appellee's employer, the Youngstown Pressed Steel Company, of Warren, Ohio.

Appellant received the car under seal from the Great Northern Railroad in Chicago and delivered it, sealed, to consignee, on the latter's side track, which ran into or through its building. When appellee arrived to assist in unloading, enough of the beaverboard had been removed to create a vacant space in the car about as wide as its door and deep enough to admit a hand truck about four feet long and two and one-half feet wide, which was in the car; this truck was equipped at one end with two stationary wheels and at the other with two revolving wheels and a handle for pulling it.

Appellee had loaded the truck and, with his back to it, had started to pull it out of the car onto a platform, when one of the revolving wheels dropped into a hole in the car floor, causing appellee's left foot to be caught between the floor and the lowered portion of the loaded truck. The hole through which the wheel dropped was of somewhat irregular shape, about a foot wide and two feet long, and was so covered by the truck as to be out of sight when appellee entered the car. There was evidence that there were three other holes of varying sizes in the floor of the car, and that no warning had been given that the floor appeared to be defective.

Appellant's first contention is that, as delivering carrier, it was under no duty so to inspect a sealed car received from another carrier as to ascertain whether it was safe for unloading, but that only such inspection was required as would reveal whether the car was reasonably fit for transportation. Secondly, appellant contends that, if it did owe such a duty, there was no substantial evidence that a reasonable inspection would have disclosed the defect that caused appellee's injury. In support of this latter position, appellant argues that, even if the holes had been detected by an inspection from beneath the car, it could not have been known that they had not been patched on the inside, inasmuch as such patches and beaverboard would have been quite similar in appearance.

Appellant's first contention is contrary to the great weight of authority. When injury in unloading a car is the proximate result of the car's unsafe condition, the delivering carrier is almost invariably held liable, if a reasonable inspection would have revealed the defect and the carrier gave no notice thereof. St. Louis-San Francisco Ry. Co. v. Ewan, 8 Cir., 26 F.2d 619; Copeland et al. v. Chicago, B. & Q. R. Co., 8 Cir., 293 F. 12; Missouri Pac. R. Co. v. Sellers, 188 Ark. 218, 65 S.W.2d 14; Doering v. St. Louis & O'Fallon Ry. Co., et al., Mo.App., 63 S.W.2d 450; Griffin v. Payne, Director General of Railroads, 95 N.J.L. 490, 113 A. 247; Roy v. Georgia R. & Banking Co., et al., 17 Ga.App. 34, 86 S.E. 328; Corbett v. New York C. & H. R. R. Co., 215 Mass. 435, 102 N.E. 648. Cf. Wheeling & L. E. Ry. v. Rupp, 27 Ohio Cir.Ct.R. 212.

Since appellant was under a duty to appellee to exercise reasonable care to discover and give timely notice of defects that might imperil appellee's safety, the only remaining question is whether there was substantial evidence that appellant failed to perform that duty.

Appellant seems to concede that an ordinary inspection might have revealed a hole as near the middle of the car floor and as large as was that involved herein, but endeavors to minimize the significance of this fact by contending that even if the hole had been noticed, an inspector could not have surely known that it had not been patched unless he broke the seal, opened the car and moved so much of its contents as were immediately above the hole. We cannot agree, as a matter of law, that an assumption under these circumstances that the hole was patched was justified. Though the evidence was conflicting as to whether an inspector should have carded a car as unsafe or defective under the circumstances here presented,

there was substantial evidence from which a jury could reasonably infer that an ordinary inspection would have revealed the hole in the car floor and that it having been discovered, reasonable care required that notice be given that the condition of the floor might make unloading perilous.

Judgment affirmed.