## MARTIN v. SOUTHERN PAC. CO.
### No. 22076.

District Court, N. D. California, S. D.

Oct. 1, 1942.

George M. Naus, of San Francisco, Cal., for plaintiff.

Arthur B. Dunne and Dunne & Dunne, all of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

On motion for new trial. Plaintiff contends that the court erred in finding that the defendant was not in exclusive control of the freight car at the time of the accident and that the doctrine of res ipsa loquitur was therefore inapplicable.

Plaintiff cites Metz v. Southern Pacific Co., 51 Cal.App.2d 260, 124 P.2d 670, 674, to the effect that the right of control is equivalent to exclusive control. In that case the defendant through its employees knowingly let plaintiff's intestate use a defective motor car on its rails without warning him of the defect. Due apparently to the known defect the motor car was derailed and the operator was killed. No other circumstances which might have contributed to the accident are shown. The Metz case states the general rule that res ipsa loquitur may be applied when "a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care."

The facts developed in the case at bar do not lead the court to this conclusion. There is no proof that the freight car was defective in a manner apparent from the outside prior to its delivery. There is no proof that freight car doors are or should be built to withstand the force of a lumber carrier. It is as logical to assume that the accident was due to the force used by the three men and the lumber carrier in opening the door as it is to assume that it was caused by a defect that a reasonable inspection by defendant's inspectors would have revealed. Or the fractured door posts, which were not visible from the outside, may have caused the accident. The facts of the accident are as consistent with due care on the part of the Southern Pacific as with negligence. The doctrine is not applicable when the liability of defendant depends on surmise or conjecture. O'Connor v. Mennie, 169 Cal. 217, 146 P. 674; 19 Cal.Jur. § 126, pp. 711, 712.

Plaintiff asserts that the court overlooked the "Massachusetts rule" with regard to the liability of a delivering carrier; that a reasonable car inspection does not absolve the delivering carrier. He argues that California has adopted the "Massachusetts rule", citing Gross v. Fox Ritz Theatre Corporation, 12 Cal.App.2d 255, 55 P. 2d 227, which mentions McNamara v. Boston & M. R. R., 202 Mass. 491, 89 N.E. 131, and Ladd v. New York, N. H. & H. R. Co., 193 Mass. 359, 79 N.E. 742, 743, 9 L.R.A.,N.S., 874, 9 Ann.Cas. 988.

958

In the Gross case a theater borrowed a chair from another theater, and the chair collapsed with a patron because of a latent defect. The borrowing theater was held liable. Plaintiff contends that a carrier who delivers a foreign car is in the same legal position as one who borrows the appliance of another for his own use. Plaintiff has confused the situations of a carrier using a car owned by another company for its own purposes, and that of a delivering carrier who permits another carrier to ship a car on a line belonging to the delivering carrier.

Turning to the Massachusetts cases. In McNamara v. Boston & M. R. R., supra, the roof of a freight car blew off. The court found that a reasonable inspection would have revealed the defect; and also that the car was part of one of defendant's trains at the time of the accident; that it was not being carried to complete any transportation initiated by the owner of the car, but that it was being used in defendant's own business. In that case, therefore, defendant was in the position of a borrower. In Ladd v. New York, N. H. & H. R. Co., supra, plaintiff was injured because of a defective door, while unloading a freight car in defendant's yard. The court said the jury might have found that defendant, instead of unloading the hay and delivering it from its freighthouse, chose to deliver from the car itself, and therefore had the usual duty toward a business invitee on its premises. "The car had passed out of the control of its general owner and the defendant was using it for its own purposes. * * * The cases which consider the rule that, as to cars which one railroad company receives from another for transportation over its line, it owes no other duty to its employés than that of providing a sufficient number of competent inspectors, have no application to this case, and need not be referred to." This language would indicate that defendant had borrowed for its own purposes a car belonging to another company, and not that it was in the position of a delivering carrier. The language of the case is ambiguous, and its mention in the Gross case, supra, is not indicative of what the California law would be in the present case.

▋ A delivering carrier is not required to open the door of a sealed car and search for hidden defects in the course of a reasonable inspection, when the car appears from the outside to be in good condition. Copeland v. Chicago, B. & Q. R. Co., 8 Cir., 293 F. 12. While plaintiff argues that this should have been done, he cites no cases in support of his theory, and such a requirement would not be consistent with the exigencies of traffic.

Plaintiff also calls attention to another Massachusetts case, Corbett v. New York Cent. & H. R. R. Co., 215 Mass. 435, 102 N.E. 648, 649. The facts are similar to those in the case at bar in that plaintiff was injured by the falling of a car door as he was attempting to pry it open with an iron bar. There the similarity ends. From the language of the decision it may be assumed that the car was in the exclusive control of defendant. Not only was the car upon defendant's track in its own yard, but "There was evidence tending to show that a clerk in the defendant's employ acting, as could be found, within the scope of his authority, and for the purpose of aiding the plaintiff in the unloading of the car, pointed out its location to the plaintiff." The court said: "The placing of the car upon a delivery track and the pointing out of its location by the clerk to the plaintiff constituted, or could be found to constitute, a representation by the defendant on which the plaintiff was justified in acting, that the car was in a suitable place and condition for him to unload, and an assent to his unloading it if not an invitation to him to unload it." Further the court said: "The question whether the accident happened as the plaintiff testified that it did, or in the manner described by the defendant, or in some other manner, was plainly one of fact for the jury." The doctrine of res ipsa loquitur is neither mentioned nor discussed.

▋ In the case at bar the court has found that defendant was not in exclusive control at the time of the accident; that there was a reasonable car inspection which revealed no defect; that it is uncertain whether there was a defect apparent from the outside which contributed to the accident; and that it is as reasonable to assume from the proven facts that the accident was caused by third parties over whom defendant had no control, as to assume it was caused by negligence on defendant's part. The doctrine of res ipsa loquitur is therefore not applicable.

The motion for new trial will be denied.