■ JOSEPH MORIN, Appellant, v. PENNSYLVANIA RAILROAD COMPANY et al., Respondents.— Judgment dismissing plaintiff's complaint unanimously modified, on the law, to the extent of directing a new trial as against the defendant, the New York Central Railroad Company, with costs to abide the event, and as so modified, otherwise affirmed, with costs to the defendant, the Pennsylvania Railroad, as against the plaintiff-appellant. The cause of action directed against the Pennsylvania Railroad was properly dismissed. The law of Massachusetts — which is concededly applicable here — frees that defendant of liability. Pennsylvania's responsibility for the freight car terminated when it relinquished control of the car to Central with a reasonable chance for the latter to inspect and discover the overt defect (*Glynn* v. *Central R. R. Co.*, 175 Mass. 510). With respect to New York Central, however, the dismissal was improper. Proof that the plaintiff — as a preliminary to unloading the car with the implicit assent of Central — attempted to open the door whereupon it fell upon him, coupled with the testimony as to the defective condition of the top rail, suffices to make out a prima facie case of negligence against this defendant (*Corbett* v. *New York Cent. & Hudson Riv. R. R. Co.*, 215 Mass. 435). Concur — Botein, P. J., Breitel, Rabin, Steuer and Staley, JJ.