## Gorman-Gammil Drug Co. *v.* Watkins.

*Damage for Selling Wrong Drugs.*

(Decided January 22, 1914.   64 South. 350.)

1. *Druggists; Selling Wrong Drug; Contributory Negligence.*— Where plaintiff was a dairyman and had had a long experience in dealing with cows, and their complaints, and applied to defendant druggists for Epsom salts, and was given common salts instead, and administered to a sick cow two pounds of the common salts on the theory that it was Epsom salts, plaintiff was guilty of contributory negligence barring his right of recovery, where it appeared that plaintiff was easily able to distinguish between the two by a mere ocular examination.

2. *Evidence; Medical Books; Contents.*—Where the action was against a druggist for damages resulting in the death of a cow because of the sale of common salts when Epsom salts had been applied for, reading from a medical work of the case of a man who was fatally poisoned by taking a pound of salts, was improper evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by J. D. Watkins against the Gorman-Gammil Drug Company for damages for the death of a cow resulting from the furnishing of common salt where Epsom salts had been applied for.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

FRANCIS M. LOWE, for appellant.   No brief reached the Reporter.

GIBSON & DAVIS, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The appellee, a dairyman, sued the appellant, a druggist, in an action on the case for negligently delivering to plaintiff five pounds of common salt in lieu of five pounds of Epsom salts, as ordered, which, as alleged, proximately caused the death of plaintiff's cow to which he administered a dose of it— two pounds, as the evidence shows. Defendant pleaded the general issue and a special plea of contributory negligence.

Whether or not defendant was guilty of error or negligence in supplying plaintiff with an article radically different in fact from the article ordered, and whether or not that negligence, if found, proximately produced the untimely demise of plaintiff's cow, were disputed questions of fact to be determined by the jury. But that plaintiff was himself guilty of the grossest negligence, which was immediately productive of the animal's death, is a clear conclusion of law from which there is no escape.

There is no confusing similarity in appearance of common salt and Epsom salts. Both are household articles in common use, and more or less familiar to all men of ordinary intelligence and experience. Moreover, plaintiff was a dairyman of long experience, and quite familiar with the use of both articles in the course of his business. He was skilled in the art of bovine healing by a practice of 30 years upon his own animals, and he habitually administered to them Epsom salts for the relief of those digestive disorders to which they were frequently subject.

He saw and intimately handled this salt, which was not labeled Epsom salts, and which was in a bag show-

[Gorman-Gammil Drug Co. v. Watkins.]

ing on its face that it came from defendant's "seed and dairy" store, a separate and distinct branch of its business, from which plaintiff customarily bought his butter salt for use in his dairy. It was not at all like Epsom salts, and on his cross-examination plaintiff demonstrated his ability to readily distinguish it from that article.

The ordinary conduct of rational beings must be governed by common prudence and common sense, and he who fails in this to his own hurt cannot justly charge the ills that follow to the antecedent and remote fault of another, albeit such remote fault supplies the condition without which the injury would not have occurred.

The result here complained of was plainly due to the inexcusable carelessness and folly of plaintiff, and to allow him to recover damages from defendant under the circumstances shown would certainly insult the common sense of mankind. The verdict of the jury was contrary to the law and the evidence, and should have been set aside by the trial court on the motion of defendant.

The instance of a man who 'swallowed a pound of salt in a pint of ale, and died in a few hours, with all the symptoms of irritant poison," read from a medical book, was fundamentally illegal and inadmissible as evidence in this case. Defendant's objection was, however, not properly framed for its elimination, and does not put the trial court in error.

The judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.