(105 So. 716)

**CORONA COAL CO. et al. v. SEXTON.**
(6 Div. 528.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied June 30, 1925.)

**1. Druggists ☞9—Druggist liable for negligence of clerk.**

When a person has been injured through the negligence of a druggist's clerk in sale of drugs, the druggist is liable therefor.

**2. Druggists ☞9—Druggists must be exceedingly cautious and prudent.**

In the discharge of their functions, druggists and apothecaries should be required, not only to be skillful but also exceedingly cautious and prudent, in view of consequences which may attend inattention on their part.

**3. Negligence ☞9—"Inadvertence" defined.**

Inadvertence is defined as a quality of being inadvertent; lack of heedfulness or attentiveness; inattention; negligence; an effect of inattention; a result of carelessness; an oversight, mistake or fault from negligence—citing Words and Phrases, Second Series, Inadvertence.

**4. Druggists ☞10 — Description of drug in complaint for negligence held sufficient.**

In action against a druggist charged with furnishing plaintiff poisonous drug in place of harmless remedy, held, description of drug as poison in complaint was sufficient.

**5. Druggists ☞10—Complaint for negligently selling tablets containing poison held to state cause of action.**

Complaint charging that defendant's drug clerk negligently, unskillfully, or inadvertently sold to plaintiff tablets containing poison in place of remedy desired held to state substantial cause of action, and court's overruling of demurrer to same was correct under Code 1923, § 9479.

**6. Appeal and error ☞1050(1) — Overruling objection to question and motion to exclude answer not prejudicial, where same testimony later admitted from same witness without objection.**

In action against defendant for drug clerk's negligence in dispensing poison tablets, held the overruling of objection to a question and motion to exclude answer thereto was not prejudicial, where the same testimony was later admitted from same witness without objection.

**7. Trial ☞194(1)—Requested charges, invading province of jury, properly refused.**

Requested charges, invading province of jury, held properly refused.

**8. Trial ☞260(1) — Defendant's requested charges, covered by other charges given at defendant's request, properly refused.**

Defendant's requested charges, covered by other charges given at defendant's request, held properly refused.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Trial ⚖═248—Refusal of charges which are abstract not erroneous.**

Refusal of requested charges which are abstract *held* not erroneous.

**10. Druggists ⚖═9—Contributory negligence in taking injurious drug bars recovery.**

A person who is injured by the negligence of a druggist in substituting an injurious drug for a harmless one called for cannot recover if he was guilty of contributory negligence in taking the medicine.

**11. Negligence ⚖═119(3)—Contributory negligence cannot be presented under plea of general issue.**

Question of contributory negligence cannot be presented under plea of general issue.

**12. New trial ⚖═71—Trial ⚖═143—Refusal of general affirmative charge for defendant and new trial proper where evidence conflicting, and allegations of complaint supported by evidence.**

Where there was evidence tending to prove averments of complaint, and on some of material averments testimony was in direct conflict by positive evidence or clear inference therefrom, *held*, it was not error to refuse affirmative charge for defendant, or to overrule motion for new trial, in view of Code 1923, § 9518.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action for damages by J. H. Sexton against the Corona Coal Company and Weyman Hembree. From a judgment for plaintiff, defendants appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Corona Coal Co. et al., 213 Ala. 554, 105 So. 718.

These charges were refused to defendant:

"(2) I charge you it was not negligence or unskillfulness for Hembree to sell to plaintiff the pills shown by the evidence to have been sold him."

"(9) I charge you that the plaintiff is not entitled to recover anything because the Corona Coal Company employed Hembree to sell the goods which were sold in its store where Hembree worked."

A. F. Fite, of Jasper, for appellants.
Gray & Powell, of Jasper, for appellee.

Counsel argue for error in the rulings assigned and treated, but without citing authorities.

RICE, J. Appellants were the defendants in the court below, and appellee was the plaintiff.

Plaintiff brought this action against the defendants for damages, alleging, in substance, that Weyman Hembree, while employed by and acting within the scope of his said employment by the Corona Coal Company, a corporation, negligently, unskillfully, or inadvertently sold to the plaintiff "tablets containing strychnine, and other poisons, or tablets containing poisonous substance," as and for calomel tablets, for which plaintiff had called, and negligently or unskillfully gave to plaintiff directions for the taking of said tablets, as the proximate consequence of which he suffered the injuries and damage set out in his complaint. From the judgment in his favor, defendants appeal.

[1] Defendants demurred to the complaint, which consisted of but a single count, on a number of grounds, and here insist that the trial court committed reversible error in separately overruling their demurrers.

"The public safety and security against the fatal consequences of negligence in keeping, handling, and disposing of dangerous drugs and medicines is a consideration to which no druggist can safely close his eyes. An imperative social duty requires of him such precautions as are liable to prevent death or serious injury to those who may, in the ordinary course of events, be exposed to the dangers incident to the traffic in which he is engaged, and it is therefore incumbent upon him to understand his business, to know the properties of his drugs, and to be able to distinguish them from each other. It is his duty so to qualify himself, or to employ those who are so qualified, to attend to the business of compounding and vending medicines and drugs, as that one drug may not be sold for another. * * * A person engaged in the business of pharmacy holds himself out to the public as one having the peculiar learning and skill necessary to a safe and proper conducting of the business, while the general customer is not supposed to be skilled in the matter, and frequently does not know one drug from another, but relies on the druggist to furnish the article called for. It would be but idle mockery for the customer to make the (an) examination, * * * and consequently the druggist must be held to warrant that he will deliver the drug called for and purchased by the customer. He must be certain that he does not sell to a purchaser or send to a patient a poison in place of a harmless drug, or even one innocent drug, calculated to produce a certain effect, in place of another sent for and designed to produce a different effect and it is well settled that he will be liable for any injury proximately resulting from his negligence." 9 R. C. L. pp. 702, 703.

"In accordance with the elementary principle that the master who undertakes to perform a service is liable for the negligence of his servant who, in the scope of his employment, is performing the service undertaken, it is well settled that when a person has been injured through the negligence of a druggist's clerk, the druggist is liable." 9 R. C. L. p. 708.

[2] And, as said by the Supreme Court of Louisiana:

"In the discharge of their functions, druggists and apothecaries, persons dealing in drugs and medicines, should be required not only to be skillful, but also exceedingly cautious and prudent, in view of the terrific consequences which may attend, as they have not unfrequently in the past, the least inattention on their part."

---

Walton et al. v. Booth, 34 La. Ann. 913, citing Cooley on Torts, pp. 75, 76, 648, 649.

And see Howes v. Rose, 13 Ind. App. 674, 42 N. E. 303, 55 Am. St. Rep. 251, where it is held that:

"Apothecaries, druggists, and all persons engaged in manufacturing, compounding, or vending drugs, poisons, or medicines, are required to be extraordinarily skillful and to use the highest degree of care known to practical men to prevent injury from the use of such articles and compounds."

[3, 4] "Inadvertence" is defined as the quality of being inadvertent, lack of heedfulness or attentiveness; inattention; negligence; an effect of inattention; a result of carelessness; an oversight, mistake or fault from negligence. 2 Words and Phrases, Second Series, p. 999; Greene v. Montana Brewing Co., 32 Mont. 102, 29 P. 693, 694. "In an action against a druggist, who it was charged furnished plaintiff poisonous drug in place of harmless remedy, the description of the drug as poisonous is sufficient." Tucker et al. v. Graves, 17 Ala. App. 602, 88 So. 40.

[5] From a consideration of the principles quoted above, all of which we approve, and of others in line therewith, we are led to the conclusion that the complaint in this case, while in some respects awkwardly and clumsily drawn, and perhaps demurrable, yet stated a substantial cause of action, and was not subject to any of the grounds of demurrer interposed. It follows therefore that the trial court committed no error in overruling the demurrers to the same. Code 1923, § 9479.

[6] The same testimony given in answer to the question, the allowance of which is made the basis of assignment of error No. 2, was later admitted from the same witness without objection. Hence there was no prejudicial error in overruling the objection to the question or defendant's motion to exclude the answer.

[7, 8] Defendant's written refused charge No. 2, the refusal to give which is made the basis of assignment of error No. 5, invaded the province of the jury, and was hence properly refused. Charge No. 4, refused to defendant, was substantially covered by the other written charges given at defendant's request, in connection with the trial court's oral charge, and its refusal was without prejudicial error.

There being no plea of contributory negligence, it might be that defendant's written charge No. 6, the refusal to give which is made the basis of assignment of error No. 7, was abstract, but, however that may be, we are of the opinion that the substance of same was fairly included in charge No. 7, given at defendant's request, in connection with the court's oral charge, and its refusal was without prejudicial error. Assignment of error No. 8 is waived.

[9] Defendant's written charge No. 9, made the basis of assignment of error No. 9 was clearly abstract, and its refusal free from error.

[10] The only remaining assignments of error are those based upon the refusal by the trial court to give the general affirmative charge, duly requested, in appellants' favor, and to grant their motion for a new trial. It is true that:

"A person who is injured by the negligence of a druggist in substituting an injurious drug where a harmless one was called for cannot recover if he was guilty of contributory negligence in taking the medicine." 19 C. J. 783, citing Gorman-Gammil Drug Co. v. Watkins, 185 Ala. 653, 64 So. 350.

[11] And it is likewise true that in this case the evidence tended strongly to show that the appellee was guilty of the grossest contributory negligence in that regard. In fact, were the issue presented, the language used by our Supreme Court in the opinion in the Gorman-Gammil Drug Co. v. Watkins Case, supra, would perhaps be appropriate, to wit:

"The result here complained of was plainly due to the inexcusable carelessness and folly of plaintiff, and to allow him to recover damages from defendant under the circumstances shown would certainly insult the common sense of mankind."

But that language, it must be observed, was used in a case where the plea of contributory negligence was duly interposed. Here we have no such plea—only the general issue.

[12] This court is required by statute to follow the law as it has been declared by our Supreme Court, and it would have been of much help to us had able counsel for the appellants who asks, we might almost say demands, a reversal of the judgment in this case, seen fit to give us the benefit of his unusual talents by way of seeking out and presenting for our guidance prior adjudications of questions similar to those raised by his assignments of error. But the court has undertaken to solve the questions presented in accordance with the law as it exists in our state.

As was said by the Supreme Court in the opinion in the case of Martin et al. v. Manning, 207 Ala. 360, 92 So. 659—a case, by the way, not in all respects dissimilar to the one at bar:

"There is evidence, positive testimony or legitimate inferences therefrom, which if believed by the jury would entitle the plaintiff to recover. When this is true, the general affirmative charge with hypothesis should never be given by the trial court for the defendant. There is evidence tending to prove all the averments of the complaint; and on some of the material averments the testimony is in direct conflict by positive evidence or clear inferences from it. Under such conditions of the evidence, the case was properly submitted to the

jury. The credibility of the evidence was for their consideration."

Hence the court did not err in refusing the general affirmative charge.

What we have said above will serve to demonstrate that the trial court properly overruled appellant's motion for a new trial. Code 1923, § 9518.

There being no prejudicial error in the record, let the judgment be affirmed.

Affirmed.