## LINDSEY v. STEWART BROS. (8 Div. 683.)

Court of Appeals of Alabama. Nov. 27, 1928.

Rehearing Denied Jan. 8, 1929.

Tennis Tidwell, of Decatur, for appellant.

Sample & Kilpatrick, of Hartselle, for appellees.

BRICKEN, P. J. Appellees sued appellant, in the court below, to recover the sum of $300 as damages, for the conversion, by appellant, of one bay horse mule about six years old, alleged to be the property of the plaintiffs below.

Under the fourth count of the complaint, the plaintiffs claimed of the defendant $300 as damages for the wrongful taking of one bay horse mule about six years old, and being the same mule described in above count 3 of the complaint, which said mule was alleged in said fourth count to be the property of the plaintiffs.

All other counts of the complaint were eliminated.

Issue was joined upon defendant's plea of general issue to counts 3 and 4 of the complaint, and defendant demanded trial by jury. The jury returned a verdict for $100 damages, and $48 interest. Judgment was accordingly entered for plaintiffs in the sum of $148. together with all costs accrued.

The defendant filed a motion for a new trial, which motion was overruled, and this appeal is from the judgment entered for plaintiffs, and also from the action of the court on the motion for a new trial, exception to which was duly reserved.

There are twenty-two assignments of error. However, the sole question presented by the record on this appeal is, To whom did the mule involved in this suit belong?

The question presented was for the jury, and the jury decided in favor of the plaintiff. The trial judge had the benefit of personally observing the witnesses as they testified, which is almost an invaluable aid in determining what weight, if any, shall be given to any witness so testifying. The motion for a new trial made an attack on the verdict of the jury based upon the preponderance of the evidence, etc.

▆▆ The defendant himself testified: "On January 23, 1920, I sold and delivered to J. W. Sharpley two mules; one of these mules was a bay horse mule six years old, and the other was a sorrel horse mule six years old."

On January 23, 1920, J. W. Sharpley executed his mortgage upon said two mules and other property to secure the purchase price of said mules to the defendant. The defendant further testified: "Sometime after the first day of April, 1920, and after I sold and delivered the sorrel mule to Sharpley, I traded with Sharpley for the sorrel mule described in my mortgage, and on the same day I traded with Sharpley for this mule, I traded it to W. C. Orr."

This transaction between Sharpley and the defendant had the effect of divesting Sharpley of all title to the mule, and, when the defendant traded the mule to Orr, this transaction had the effect of investing Orr with full title to the mule, free from the lien created by the mortgage from Sharpley to the defendant.

The defendant further testified: "Orr kept the sorrel mule after I traded it to him until after Sharpley left the country when I took this mule from Orr."

March 27, 1920, W. C. Orr executed his mortgage to the plaintiffs to secure the sum of $1,200. By this mortgage Orr conveyed to the plaintiffs, along with other property, "One sorrel horse mule about seven years old."

A bay mule, according to the testimony, is a kind of reddish mule. A sorrel mule is a reddish color. A bay mule is a darker red than a sorrel mule.

On redirect examination W. C. Orr testified: "The two mules J. W. Lindsey let Sharpley have in January was a match team—one was a little lighter red than the other—some might call it a bay. It is the one plaintiffs claim under the mortgage."

The above-quoted excerpts from the testimony show, to our minds, how the jury may have found the issue involved, between plaintiffs and defendant, in favor of the plaintiffs. It is not necessary to go further into a detail statement of all the testimony offered in this case, the effect of which would needlessly extend this opinion.

After a full consideration of this entire record, we are of the opinion that the judgment of the lower court should be affirmed. Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815; Corona Coal Co. v. Sexton, 21 Ala. App. 51, 105 So. 716.

Affirmed.