369 P.2d 401

**TEXAS–NEW MEXICO PIPELINE COMPANY, a corporation, Plaintiff-Appellee.**

**v.**

**ALLSTATE CONSTRUCTION, INC., Defendant-Appellant.**

No. 6989.

Supreme Court of New Mexico.

Feb. 27, 1962.

Neal & Neal, Hobbs, for appellant.

Hervey, Dow & Hinkle, Howard C. Bratton and Conrad E. Coffield, Roswell, for appellee.

NOBLE, Justice.

The plaintiff seeks damages resulting from trespass allegedly committed by defendant in severing plaintiff's pipeline. Judgment was entered for plaintiff and defendant appeals.

Appellant, a contractor, was employed by Cities Service Oil Company to construct a pad for the purpose of drilling an oil well. In preparing the pad, defendant's bulldozer struck and damaged an underground pipeline belonging to plaintiff. Cities Service Oil Company had a valid oil and gas lease on the federal lands in Lea County on which the pad was being constructed. More than 20 years earlier, the plaintiff had obtained a valid easement across these lands and had installed an oil transmission pipeline. There was no visible evidence of the pipeline and defendant had no actual knowledge of its existence. There is no question but that both parties were lawfully upon the land.

The judgment was based upon the theory that defendant was absolutely liable for damage inflicted by it to the pipeline regardless of negligence, by reason of a trespass to chattels. The trial court concluded:

"1. The molesting or severing of the Plaintiff's pipe line by Defendant was a trespass to personalty and a violation of a property right which gave rise to a cause of action regardless of negligence, and Plaintiff is entitled to recover on its first claim."

This appeal presents the narrow issue whether an unintentional non-negligent interference with the chattels of another is actionable. Under the facts, we think it is not. The question has not heretofore been considered in this jurisdiction.

Trespass to personalty is the intentional use or interference with a chattel which is in the possession of another, without justification. Restatement, Law of Torts, § 218; Prosser, Torts, § 14, p. 64; 1 Harper and James, Torts, § 2.5, pp. 109, 110.

Plaintiff contends, and the effect of the trial court's conclusion is, that it was not necessary that defendant intended to strike or in any manner interfere with the underground pipeline, but that it was sufficient to establish liability if defendant intentionally used the bulldozer where it did and struck the pipeline with the resulting damage.

The act must have been more than voluntary—it must have been an intentional act except where negligence is present. The intention required to make one liable for

trespass to a chattel is that he must have acted for the purpose of interfering with the chattel or with knowledge that a disturbance thereof is substantially certain to occur. Restatement, Torts, § 218, Comment (a), p. 556; 1 Harper & James, Torts, supra. There is neither proof nor any finding by the court that appellant had any knowledge of the existence of the pipeline, nor is he chargeable with such knowledge under any facts here present. Absent an intentional act done for the purpose of interfering with the chattel or with knowledge that his act was reasonably certain to result in an interference with it, there is no liability for trespass to a chattel. Mountain States Telephone & Telegraph Company v. Kelton, 79 Ariz. 126, 285 P.2d 168; Socony-Vacuum Oil Co., Inc. v. Bailey, 202 Misc. 364, 109 N.Y.S.2d 799; 1 Harper & James, Torts, supra. Illinois Bell Telephone Co. v. Charles Ind. Co., 3 Ill.App.2d 258, 121 N.E.2d 600, relied upon by appellee contains an excellent discussion of some of the cases involving trespass to utility lines in public streets, but can be distinguished from the instant case by the fact that the interference here complained of did not occur in a public street whereas in that case it did. The distinction between that case and this is the same as existed between Socony-Vacuum Oil Co. v. Bailey, supra, and New York Steam Co. v. Foundation Co., 195 N.Y. 43, 87 N.E. 765, 21 L.R.A.,N.S., 470, as pointed out in Socony-Vacuum Oil

Co. v. Bailey, supra, and as mentioned in Illinois Bell Tel. Co. v. Charles Ind. Co., supra. The same distinction may be made between the facts here present and those on which Mountain States Tel. & Tel. Co. v. Vowell Construction Co., 161 Tex. 432, 341 S.W.2d 148 was decided.

Appellee, under Supreme Court Rule 17(2), urges error in the refusal of the trial court to hold that defendant had constructive notice of the pipeline and was, therefore, chargeable with negligence in striking the pipeline. Appellee contends that since plaintiff's easement was of record in the U. S. Land Office, defendant had constructive notice of the easement and of the pipeline installed therein. We cannot agree that a contractor employed to do work on land not in a public street or right-of-way, there being no visible evidence of a buried pipeline, was bound to search the records and is charged with constructive notice of the contents of such records. As was said in Maul v. Rider, 59 Pa. 167, regarding statutes making recorded instruments notice of their contents, "It is constructive notice only to those who are bound to search for it." Under the holding in Mountain States Tel. & Tel. Co. v. Kelton, supra, and the cases cited therein, a contractor, who had no interest in the title to the land, is not bound to search the records to determine whether an easement exists. Particularly is this true where there is nothing in the

nature of the land to cause the contractor to make an inquiry.

Other points argued have either been disposed of by what we have said, need not be determined, or have been found to be without merit.

The judgment is reversed and the cause remanded with instructions to vacate the judgment and to enter judgment for defendant.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., dissent.