373 P.2d 914

**ALLIED BUILDING CREDITS, INC.,**
**Plaintiff-Appellant,**

**v.**

**Alan KOFF, d/b/a Southwest Supply**
**Company, Defendant-Appellee.**

**No. 7047.**

Supreme Court of New Mexico.

June 6, 1962.

Rehearing Denied Aug. 23, 1962.

R. Deane Moyer, Albuquerque, for appellant.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellee.

COMPTON, Chief Justice.

The question presented by this appeal is whether the action was rightly terminated by a summary judgment of dismissal.

The action is one to recover the balance allegedly due on a promissory note in the principal sum of $4,129.92, executed by Harold Kotzker and Minnie Kotzker, his wife, made payable to Southwest Supply Company and endorsed to the appellant. The endorsement reads:

"Without recourse pay to the order of Allied Building Credits, Inc. Without limitation to implied warranties, endorser specifically warrants that all articles and materials have been furnished and installed and all work fully completed, which constitute the entire consideration for which this note was executed and delivered by maker.

"SOUTHWEST SUPPLY
COMPANY
Seller
By s/s Alan Koff
Owner"

Default having been made by the makers of the note, the appellant sought judgment against the appellee on its warranty. The complaint alleges that the articles and materials had not been furnished, installed, and the work completed as represented when appellee endorsed the note, and that relying thereon, and being deceived thereby, appellant was induced to purchase the note. Appellee's answer admitted the endorsement but specifically alleged that the note was taken by appellee, endorsed and delivered to the appellant pursuant to an oral understanding and agreement that the appellee's endorsement was without recourse.

C. A. Mayer is manager of Allied Building Credits, Inc., and Alan Koff is the owner of Southwest Supply Company. Utilizing Section 21–1–1(33), 1953 Comp., our Rules of Civil Procedure, certain interrogatories were answered by each of the parties, and following which the court granted summary judgment. The ruling of the court is here on appeal for the review of alleged errors.

The appellee was requested to answer the following question:

"9. Please state in detail, if there were any, all of the agreements, contracts and arrangements in connection with the negotiating of the promissory note as reflected by Exhibit 'A' to Allied Building Credits, Inc., and the name of the individual with which they were made?

"Answer: The note was signed by me and delivered to the plaintiff, as already stated, pursuant to an arrangement and understanding with the plaintiff. I was introduced to Mr. Harold Kotzker and his wife, Minnie Kotzker, by the Lordsburg, New Mexico Commissioner of Police, Mr. James L. Smith, who had known them for many years. They were referred to by Mr. Smith as extremely reliable and dependable people. Shortly thereafter Mr. Kotzker, publisher of a Deming newspaper, contacted me and solicited my assistance in securing a loan for the purpose of making certain improvements to his property in Deming, New Mexico. He stated that due to the nature of his business in Deming he was extremely reluctant to deal with one of the several Deming firms making building improvement and repair loans. He further stated that if he could secure the loan through me in Lordsburg he could then spend the money from such loan in such proportions as he desired with the several building material firms in Deming, who did advertising through his newspaper.

"I stated I would get in touch with the Albuquerque, New Mexico, office of Allied Building Credits, Inc. and ascertain if it wished to handle a loan to Mr. and Mrs. Kotzker in this manner. (Emphasis ours.)

"On February 12, 1959 I telephoned Mr. C. A. Mayer in the Allied Building Credits, Inc. Office at Albuquerque, and explained to him in detail what Mr. Kotzker had told me and asked if Allied Building Credits, Inc. desired to make the loan. I was told by Mr. Mayer that if credit report on Mr. and Mrs. Kotzker was satisfactory that I should proceed and that Allied Building Credits, Inc. would be glad to handle the loan as outlined.

"I thereupon requested a credit report from the Credit Bureau of Deming. The credit report was dated and received by me on February 16, 1959. Pursuant to another telephone conversation with Mr. Mayer on that date, I immediately forwarded such report, one of Allied Building Credits, Inc., ABC (green form) applications completed by Mr. and Mrs. Kotzker, together with an attached financial statement by Mr. Kotzker, to Allied Building Credits, Inc., P. O. Box 4187, Albuquerque, New Mexico, Attention of Mr. C. A. Mayer, Manager.

"Mr. Mayer, on behalf of Allied Building Credits, Inc., by 'Notice of Approval' dated February 17, 1959, notified me that the application of Mr. Kotzker for a loan in the amount of $4,129.92 had been approved. The promissory note, which was a form

note furnished by Allied Building Credits, Inc., was secured from Mr. and Mrs. Kotzker under date of February 18, 1959, as shown by the copy thereof marked Exhibit 'A' and attached to the interrogatories. This note was signed on the back by me as shown on said Exhibit 'A', and on said date of February 18, 1959 was forwarded to Allied Building Credits, Inc., P. O. Box 4187, Albuquerque, New Mexico, Attention: Mr. C. A. Mayer. A check in the amount of $3500.00 from Allied Building Credits, Inc., was received on February 22, 1959 and the entire amount thereof was delivered to Mr. Kotzker in accordance with my understanding and agreement with Allied Building Credits, Inc."

The appellant was requested to answer the following question:

"2. Please state in detail your personal knowledge of the transaction upon which the plaintiff, Allied Building Credits, Inc., as filed this suit.

"Answer: Allan Koff, d/b/a Southwest Supply Company of Lordsburg, New Mexico, called me by phone during the month of January or February of 1959, and stated that 'Mr. and Mrs. Harold Kotzker wished to make certain improvements to their home in Deming, New Mexico, and since Mr. Kotzker was in the newspaper publishing business he thought it best to purchase the improvements for his home from a merchant other than one in Deming, New Mexico.' On that occasion I instructed Mr. Koff to send in the usual credit reports and application and if same were in order Allied Building Credits, Inc., would purchase the note *from* Mr. Koff. (Emphasis ours.)

"That during that telephone conversation, or another conversation within the next two or three days Mr. Koff stated in substances: 'still referring to the Kotzker's note, that the said note was for materials purchased from Mr. Koff, for a bedroom, bath, enclosed carport, walks, and fences. All of which had been added or to be added to Mr. and Mrs. Kotzker's residence located at Deming, New Mexico."

From this meager record, we think the pleadings and the answers to the interrogatories of the respective parties concerning the making, endorsing and delivery of the note, present a triable issue of a material fact. More precisely, whether the appellant was dealing with the makers of the note or with the appellee in making the loan, is a disputed fact, one not determinable on motion for summary judgment. In the consideration of a motion for summary judgment, the record must be viewed

in the light most favorable to the party opposing the motion, and all doubts as to the existence of a triable issue are to be decided against the movant. Harp v. Gourley, 68 N.M. 162, 359 P.2d 942; Ballard Plumbing Co. v. Markey, 66 N.M. 265, 346 P.2d 1045; Michelson v. House, 54 N.M. 197, 218 P.2d 861.

The judgment should be reversed and IT IS SO ORDERED.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.