423 P.2d 988

**Felipa CHAVIRA, Plaintiff-Appellant,**

**v.**

**George CARNAHAN, Defendant-Appellee.**

**No. 7918.**

Supreme Court of New Mexico.

Feb. 20, 1967.

Lorenzo A. Chavez, Melvin L. Robins, Ben A. Luchini, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, William B. Keleher, Albuquerque, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

After a jury had returned a verdict for plaintiff, Felipa Chavira, the trial court granted a motion of appellee, defendant below, for judgment in defendant's favor notwithstanding the verdict to the contrary. This appeal challenges the propriety of such ruling.

On July 22, 1962, at about 10:00 P.M., the plaintiff was a passenger in an automobile driven by one Fermin D. Chavez and traveling in a southerly direction along north Second Street within the city of Belen, New Mexico. At the time the defendant had parked an automobile belonging to him on his wrong side of the street facing oncoming traffic, with its left-hand wheels adjacent and parallel to the left-hand curb of north Second Street, contrary to Sec. 64–18–52, N.M.S.A., 1953. The automobile in which plaintiff was traveling collided with the front end of the defendant's automobile, injuring the plaintiff.

To sustain the trial court's ruling we are required to determine that under the circumstances of this case the defendant's act in parking his automobile on the wrong side of the public street contrary to § 64–18–52, supra, was not as a matter of law a proximate cause of the collision.

■■ A judgment notwithstanding verdict is proper only in those cases where it can be said that there is neither evidence nor inference from which the jury could have arrived at its verdict. Townsend v. United States Rubber Co., 74 N.M. 206, 392 P.2d 404 (1964). Even though evidence may be undisputed, a judgment notwithstanding verdict is improper if different inferences may reasonably be drawn therefrom. Townsend v. United States Rubber Co., supra. It is for the jury under proper instructions to determine the weight and significance of each fact in evidence.

■■ "Proximate cause" is that which in a natural and continuous sequence unbroken by any new independent cause produces the injury and without which the injury would not have occurred. Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507 (1955). Proximate cause is an ultimate fact—usually an inference to be drawn by court or jury from the facts proved. It becomes a question of law only when facts regarding causation are undisputed and all reasonable inferences therefrom are plain,

consistent and uncontradictory. White v. Montoya, 46 N.M. 241, 126 P.2d 471 (1942); Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921 (1937); American Insurance Co. v. Foutz and Bursum, 60 N.M. 351, 291 P.2d 1081 (1955).

Here the automobile in which plaintiff was riding had entered Second Street a distance of about 140 feet from the defendant's improperly parked automobile and was proceeding in the direction of the parked car. It was dark and the street lights were lighted. The lights were located at the intersection of two streets with Second Street. One of them was not visible from the area of the point of impact because of the location of a large tree. Neither plaintiff nor Chavez saw defendant's parked automobile.

As the car in which plaintiff was traveling proceeded along Second Street two automobiles approached from the opposite direction. Their lights blinded Chavez. He turned his automobile to the right to avoid the oncoming cars and collided with the front end of defendant's parked automobile.

■ Defendant's automobile was equipped with rear red reflectors as required by § 64–20–6 N.M.S.A., 1953. The effect and purpose of the reflectors on the rear of defendant's automobile was defeated through defendant's parking his automobile

on the wrong side of the street and facing oncoming traffic. Whether Chavez or plaintiff would have seen defendant's car in ample time to have avoided the collision had the automobile been so parked as to expose the reflectors to oncoming traffic presented a fact question for determination by the jury, and not, in our opinion, a question of law to be decided by judgment N.O.V., Trailer v. Schelm, 227 Iowa 780, 288 N.W. 865 (1939). Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419 (1964), relied upon by defendant is, in our opinion, inapplicable.

▪ Defendant, in his answer brief, asserts that the trial court erred in its instructions to the jury wherein the statute regarding use of reflectors on rear of automobiles was read to the jury and that proper objection was made to it at the time. However, appellee has not filed a cross-appeal and any objection to the trial court's instructions cannot be properly raised for consideration by way of his answer brief. Townsend v. United States Rubber Co., supra.

The judgment notwithstanding the verdict is set aside and the cause remanded to the trial court for further proceeding not inconsistent herewith.

It is so ordered.

NOBLE and CARMODY, JJ., concur.