452 P.2d 483

Clarence Eugene HARLESS, Plaintiff-Appellant,

v.

Marvin EWING, Defendant-Appellee.

No. 229.

Court of Appeals of New Mexico.

March 14, 1969.

150

Warren F. Reynolds, Easley & Reynolds, Hobbs, for plaintiff-appellant.

Lowell Stout, Hobbs, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff appeals from a summary judgment ruling in favor of defendant in an action for personal injuries.

The right-rear dual wheel of defendant's dump truck came off and the loaded truck fell on the inside tire and the hub on the tire rim. The truck was disabled and its position prevented other trucks from loading. Plaintiff's employer was in charge of the loading area and, seeing defendant's truck blocking the road, proceeded to remove the truck. The removal was not done at the request of defendant's driver. Plaintiff was directed by his employer to assist in removing the truck. The truck was raised and the tire removed a short distance by plaintiff's employer. This tire exploded and with a jet propelled movement struck and injured plaintiff.

In its decision the trial court stated:

"* * * I, therefore, find that the negligence, if any, on the part of the defendant in allowing the lugs to loosen or permit the wheels to fall of [off] was not the proximate cause of the injury. The voluntary and unsolicited acts of plaintiff and his employer constituted as a matter of law an independent intervening cause of the injury. * * *"

All reasonable inferences must be construed in favor of the party against whom the summary judgment is sought; General Electric Credit Corporation v. Tidenberg, 78 N.M. 59, 428 P.2d 33 (1967); Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co., 77 N.M. 730, 427 P.2d 249 (1967); see Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968); and when reasonable minds might differ on the question of proximate cause, the matter is issuable before a jury. Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967); see Cha-

vira v. Carnahan, 77 N.M. 467, 423 P.2d 988 (1967); Johnson v. Primm, 74 N.M. 597, 396 P.2d 426 (1964).

Defendant's driver made one inspection of the lugs after the first load although he was instructed by his employer to "check them all the time." Three or four loads were hauled. Part of the hauling was over rough dirt roads where the truck could travel "nine, ten miles an hour." There was evidence from which a jury could infer that subsequent inspections would have disclosed the hazard and that failure to inspect was negligence.

Proximate cause is an ultimate fact —usually an inference to be drawn from facts proved. It becomes a question of law only when facts regarding causation are undisputed and all reasonable inferences therefrom are plain, consistent and uncontradictory. State ex rel. Los Lunas Hospital and Training School v. Montgomery, 78 N.M. 266, 430 P.2d 763 (1967); Chavira v. Carnahan, supra. Unless, as a matter of law, there was an independent intervening cause, there was a factual issue on proximate cause.

Defendant contends that the removal of the tire from under the truck by plaintiff's employer was an independent intervening cause which interrupted the natural sequence of events and produced a result which could not have been reasonably foreseen. We disagree.

The independent intervening cause that will prevent a recovery of the act or omission of a wrongdoer must be a cause which interrupts the natural sequence of events, turns aside their cause, prevents the natural and probable results of the original act or omission, and produces a different result, that could not have been reasonably foreseen. Thompson v. Anderman, 59 N. M. 400, 285 P.2d 507 (1955).

Foreseeability does not mean that the precise hazard or the exact consequences which were encountered should have been foreseen. Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201 (1962); see Gilbert v. New Mexi-co Const. Co., 39 N.M. 216, 44 P.2d 489 (1935).

Did the act of removing the tire from under the truck break the sequence of defendant's alleged negligence? Was this intervening act a normal consequence of the situation caused by the driver's alleged failure to check the lugs? See Rest. Torts 2d, Sec. 443 and comment (b) to Sec. 443. Compare Rest. Torts 2d, Sec. 447. Gunn v. International Harvester Co., 366 F.2d 349 (6th Cir. 1966). Reasonable men could differ on these questions. Accordingly, the issue of independent intervening cause, as defined in Thompson v. Anderman, supra, was a question for the jury. Rivera v. Ancient City Oil Corporation, 61 N.M. 473, 302 P.2d 953 (1956). The trial court erred in ruling that as a matter of law, there was an independent intervening cause.

Appellee presents certain points pursuant to Supreme Court Rule 17(2), § 21–2–1 (17) (2), N.M.S.A.1953 (Supp.1967). We assume, but do not decide, that these points are sufficiently raised to obtain review. See Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964). They are, assuming the trial court assigned the wrong reason for granting the summary judgment, the judgment is right and should be affirmed because: 1) the facts with respect to which there is no dispute establish as a matter of law that plaintiff was a volunteer and trespasser as to the defendant and the defendant did not violate any duty which he owed to plaintiff and/or 2) plaintiff is precluded from maintaining this action under the borrowed or loaned employee doctrine.

In support of his first argument defendant relies on Jones v. George F. Getty Oil Co., 92 F.2d 255 (10th Cir. 1937), cert. denied, Associated Indemnity Corp. v. George F. Getty Oil Co., 303 U.S. 644, 58 S.Ct. 644, 82 L.Ed. 1106 (1938) and Bogart v. Hester, 66 N.M. 311, 347 P.2d 327 (1959). These cases are distinguishable on their facts. In the *Getty* case the injured plaintiff was doing the work of the defendant.

In *Bogart* the plaintiff was a volunteer because the one asking him to help had no authority to do so. Here, plaintiff's employer directed plaintiff to help remove the truck. This was in the interest of the employer since the disabled truck prevented the loading of other trucks and the employer was in charge of loading.

■ The undisputed fact is that plaintiff was doing the work of his employer. The work he was doing was getting the truck out of the way; he wasn't repairing the truck. The trial court correctly refused to hold as a matter of law that as to defendant plaintiff was a volunteer. See Severinson v. Nerby, 105 N.W.2d 252 (N.D.1960).

■ In moving the truck, he was carrying out his employer's business. The trial court could not hold, as a matter of law, that plaintiff had no justification for doing so. See Texas-New Mexico Pipeline Co. v. Allstate Construction Co., 70 N.M. 15, 369 P.2d 401 (1962). Accordingly, it did not err in refusing to rule that plaintiff was a trespasser.

In support of his second argument defendant relies on Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263 (1934) and Weese v. Stoddard, 63 N.M. 20, 312 P.2d 545 (1956) for authority that defendant could not be liable for plaintiff's injuries because defendant's driver had been loaned to plaintiff's employer and was the employee of plaintiff's employer at the time of the accident.

■ After the wheel came off, defendant's driver did nothing other than to dump his load. He did nothing in connection with removing the truck from the road. Since defendant's driver was doing nothing, the trial court correctly refused to hold, as a matter of law, that this driver had been borrowed by plaintiff's employer and had become that employer's employee while doing nothing. Compare Huff v. Dunaway, 63 N.M. 121, 314 P.2d 722 (1957).

It follows that the judgment should be reversed and the cause remanded with direction to the trial court to set aside the summary judgment.

It is so ordered.

SPIESS, C. J., concurring specially.

WOOD, J., concurs.

SPIESS, Chief Judge (specially concurring).

I agree with the result reached by the majority opinion. I see no basis, however, for considering Rule 17(2), § 21–2–1(17) (2), N.M.S.A., 1953, as having any application to summary judgment proceedings. Summary judgment is not, in my opinion, a trial as contemplated by the rule. I think the opinion in this respect might lead to the erroneous conclusion that the Rule 17(2) is applicable to summary judgment proceedings. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964), did not involve summary judgment.