468 P.2d 890 (1970)
81 N.M. 480
Wilfred E. BINNS, Plaintiff-Appellant,
v.
Dr. Errol A. SCHOENBRUN, Defendant-Appellee.
No. 441.
Court of Appeals of New Mexico.
April 17, 1970.
Stanley C. Sager, Menig & Sager, Albuquerque, Joe H. Galvan, Las Cruces, for appellant.
Russell Moore, William K. Stratvert, Keleher & McLeod, Albuquerque, for appellee.

OPINION
HENDLEY, Judge.
This is an appeal from an order granting defendant's motion for summary judgment in an action for professional malpractice against defendant, a podiatrist, in treating a sprained ankle.
We reverse.
In determining the propriety of granting a motion for summary judgment, all reasonable inferences must be construed in favor of the party against whom the summary judgment is sought and when reasonable minds might differ on the question of proximate cause, the matter is issuable before a jury. Harless v. Ewing, 80 N.M. 149, 452 P.2d 483 (Ct.App. 1969). Where the slightest doubt exists as to the material facts summary judgment should not be granted. Cortez v. Martinez, 79 N.M. 506, 445 P.2d 383 (1968); Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968). Here the facts are based on deposition testimony and answers to interrogatories.
Plaintiff sprained his right ankle on Saturday evening. He obtained treatment from defendant the following Monday, October 31. Defendant x-rayed and stated it was a severe lateral sprain. It is undisputed that the area of the ankle was swollen at this time. Defendant bandaged the ankle and told plaintiff to return the next day. November 1 plaintiff returned and defendant placed a cast on the leg. Plaintiff testified that the leg and ankle were swollen when the cast was applied. November 2 defendant placed a walking heel on the cast. November 3 plaintiff complained of pain around the malleolus (ankle bone); "[f]elt like it [the cast] was rubbing on his ankle bone and hurting." Plaintiff also complained that it felt like his leg was swelling and there was extreme pressure and a constant dull ache in the ankle area. November 6 defendant cut a half-dollar-size window in the cast near the ankle bone. Plaintiff's pain persisted and on November 7 defendant removed the cast. Plaintiff testified the leg and ankle were still swollen. Plaintiff's wife observed the ankle and saw a sore near the ankle bone at that time. Defendant testified it was a blister below the ankle bone. Defendant "debrided" the blister. Defendant continued to treat plaintiff until he was hospitalized on November 17 because of severe skin sloughing in a 6 x 8 centimeter area around the ankle bone and systemic infection. There is medical testimony that this was "* * * not the usual thing you would anticipate from a sprain." The issue is what caused this condition. The trial court held there was no material issue of fact as to causation. We disagree.
As was stated in Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App. 1969):
"Malpractice is a form of negligence. See Buchanan v. Downing, 74 N.M. 423, 394 P.2d 269 (1964); N.M.U.J.I. 8.1. Before a physician may be held liable for malpractice, there must be a showing that he departed from recognized standards of medical practice. Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964). In addition, that departure must be the proximate cause of the incident or occurrence which is the subject of the litigation. Buchanan v. Downing, supra."
A form of malpractice by a podiatrist is a departure from recognized standards exercised by other podiatrists. Annotation, 80 A.L.R.2d 1278 (1961).
Proximate cause is an ultimate fact, usually an inference to be drawn from facts proved. It becomes a question of law only when facts regarding causation are undisputed and all reasonable inferences therefrom are plain, consistent and uncontradicted. Harless v. Ewing, supra.
There are factual issues involving the cast. It is disputed whether the ankle area was swollen when the cast was applied. Dr. Clemenic, another podiatrist, testified it is not standard treatment, or good treatment, within the period when swelling might occur, to restrict the area so there is no give to allow for the swelling. There is evidence that after the cast was applied, plaintiff complained to defendant that his leg was swelling, of extreme pressure and constant dull ache. Further, that these complaints lasted over a period of at least three days and were in the area of the sprain. Dr. Clemenic testified that in these circumstances, over a two day period, he would remove the cast. Why? He gave various reasons including pressure, immobile cast, breakdown of tissue, hemorrhaging under the tissue. When the cast was removed the "blister" described *892 by defendant was observed. This was the area of the unusual condition.
There being factual issues concerning negligence in connection with the casting as a proximate cause of plaintiff's unusual condition, we need not consider plaintiff's other contentions concerning proximate cause.
Reversed.
It is so ordered.
OMAN and WOOD, JJ., concur.