492 P.2d 1300

Frank N. DAVILA, Individually and as father and Next Friend of David R. Davila, Plaintiff-Appellant,

v.

Sabino RODRIGUEZ et al., Defendants-Appellees.

No. 725.

Court of Appeals of New Mexico.

Dec. 22, 1971.

Certiorari Denied Jan. 21, 1972.

Avelino V. Gutierrez, Albuquerque, for plaintiff-appellant.

Juan G. Burciaga, Ussery, Burciaga & Parrish, Albuquerque, for appellees Rodriguez.

Edward E. Triviz, Las Cruces, for appellees Mott and Ebbs.

OPINION

HENDLEY, Judge.

This is an appeal from an order granting defendants' motion for summary judgment in an action arising out of an automobile collision.

We reverse.

In determining the propriety of granting a motion for summary judgment all reasonable inferences must be construed in favor of the party against whom the summary judgment is sought. Where the slightest doubt exists as to the material facts, summary judgment should not be granted. Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App.1970). Here the facts are based on deposition testimony.

In granting the defendants' motions for summary judgment the trial court assumed there was negligence on the part of the defendants; and found that David was contributorily negligent; and that such contributory negligence was the proximate cause of his injury as a matter of law.

Defendants contend that David was not keeping a proper lookout; that he was under the influence of an intoxicating liquor; that he was speeding; that he was required to stop when he saw someone frantically waving a flashlight; that he did not slow down as soon as it was apparent there was another vehicle in his path; that his actions were an exercise of poor judgment; and that by reason of the foregoing he was guilty of contributory negligence as a matter of law.

Defendants, however, have only pointed to such testimony and inferences that flow therefrom in favor of themselves. They do not point to the testimony and reasonable inferences flowing therefrom in favor of David. That testimony and those inferences in favor of David are contrary to defendants' contentions. In light of the summary judgment rule we only view that testimony and those inferences favoring David. Binns v. Schoenbrun, supra. By so viewing, we conclude the summary judgment must be reversed. We cannot say as a matter of law that David was contributorily negligent.

Reversed.

It is so ordered.

SUTIN and COWAN, JJ., concur.