694 F.2d 226
 Virginia ACHIN, Individually, and as Personal Representative
of the Estate of Devin Forrest Hughes, Deceased,
and as Mother and Guardian of Scot
Dobson, a Minor, Plaintiff-Appellant,
v.
BEGG TIRE CENTER, Westside Auto Parts, Inc., The
Kelly-Springfield Tire Co., Defendants-Appellees.
 No. 80-2207.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 1, 1982.
 
 William G. Gilstrap of Smith, Ransom & Gilstrap, Albuquerque, N.M. (Richard E. Ransom, P.A., Albuquerque, N.M., with him on brief), for plaintiff-appellant.
 Kathleen Davison Lebeck of Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M. (Norman P. Weiss, Albuquerque, N.M., with her on brief), for defendant-appellee Begg Tire Center.
 LeRoi Farlow of Farlow, Simone & Roberts, P.A., Albuquerque, N.M., for defendant-appellee Westside Auto Parts, Inc.
 Travis R. Collier of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M. (Joseph J. Mullins, Albuquerque, N.M., with him on brief), for defendant-appellee Kelly-Springfield Tire Co.
 Before SETH, Chief Judge, DOYLE, Circuit Judge, and TEMPLAR, District Judge*.
 SETH, Chief Judge.
 
 
 1
 Virginia Achin, in her own right and as representative of two minor children, appeals from an adverse jury verdict in a negligence and products liability action. Mrs. Achin and her two sons were passengers in a car driving through New Mexico when the tread on the left rear tire came off. The driver did not apply the brakes, but turned the wheel to the left, then the right, then sharply to the left again. The car went off the highway and overturned, injuring Mrs. Achin and one of her children, and killing the other child.
 
 
 2
 Mrs. Achin brought this action in negligence and products liability against three defendants claiming a defect in the tire which had lost tread. Defendant Kelly-Springfield had manufactured the tire, defendant Westside Auto Parts had retreaded the tire, and Begg Tire Center had resold it to the owner of the car in which Mrs. Achin was riding when the accident occurred. Each of these defendants argued that negligence on the part of the driver was the sole proximate cause of the accident. The jury found in favor of all the defendants.
 
 
 3
 On appeal, Mrs. Achin challenges a jury instruction given by the trial court on independent intervening cause. She does not quarrel with the substance of the instruction, but claims only that there was no evidence to support that theory of law. Although the driver of the car may have been negligent, such negligence, she argues, cannot constitute an independent intervening cause because it was a reaction to the original negligence of the defendants.
 
 
 4
 The giving or denial of instructions in a diversity action is tested under federal laws and rules. Lupton v. Torbey, 548 F.2d 316 (10th Cir.). Under federal law, an instruction is proper if supported by competent evidence. Hartman v. Miller Hydro Co., 499 F.2d 191 (10th Cir.). This standard necessarily implicates state law, however, as the competency of evidence can only be weighed with respect to the legal principle that it was introduced to support. The substantive legal principles are matters of state law. Therefore, we look to New Mexico tort law to determine the propriety of the independent intervening cause instruction in this case. See Bryant v. United States, 565 F.2d 650 (10th Cir.).
 
 
 5
 The concept of independent intervening cause can only be evaluated in its relation to the requirement in negligence cases that a defendant's behavior be the proximate cause of the plaintiff's injury. The basic New Mexico case in this area, Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507, recognizes this and states, 285 P.2d at 514:
 
 
 6
 "The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have occurred."
 
 
 7
 The court in Thompson continues with a definition of intervening cause with the foreseeable element. See also Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370. The question thus becomes whether there is competent evidence to support a finding that the negligence of the driver of the car in which Mrs. Achin was riding was sufficient to break the natural and continuous sequence of any original dangerous condition for which the defendants were responsible. The break in sequence can interrupt the defendants' liability in two ways. First, the driver's actions may have destroyed any factual connection between the defendants' possible negligence and the plaintiff's injuries. Second, the driver's behavior may have caused a break in sequence by being so unusual that it could not have been foreseen by the defendants. Terrel v. Duke City Lumber Co., Inc., 86 N.M. 405, 524 P.2d 1021 (Ct.App.).
 
 
 8
 With regard to a possible break in factual connection, the New Mexico court in Thompson agreed with the plaintiff here that secondary negligence by a third party does not necessarily relieve the negligent defendant of liability. This theme was developed further in Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.). In Kelly, as in many New Mexico cases, the court makes it clear that proximate cause, and thus independent intervening cause, is a question of fact for a jury. Harless v. Ewing, 80 N.M. 149, 452 P.2d 483; Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655; Chavira v. Carnahan, 77 N.M. 467, 423 P.2d 988. In Barbieri v. Jennings, 90 N.M. 83, 559 P.2d 1210 (Ct.App.), the New Mexico Court of Appeals specifically declined to hold that concurrent negligence in an automobile accident cannot be an independent intervening cause of injuries received in the accident. The court stated that under the instructions there given, which were similar to those under consideration here, the jury was sufficiently well informed on how to consider the concepts of independent intervening cause and concurrent cause.
 
 
 9
 The facts concerning causation in the present case are in sharp dispute. There was a contradiction between the driver's deposition and trial testimony over what warning he had of tire failure before the accident. Thus the jury was entitled to consider a possibility that the driver's loss of control was coincidental with the loss of tread on the tire, rather than causally related.
 
 
 10
 With respect to the second kind of possible break in sequence, the New Mexico cases hold with regard to foreseeability also that it is a factual question. Richards v. Upjohn, 95 N.M. 675, 625 P.2d 1192 (Ct.App.). In the present case, there was expert testimony that a loss of tread should not cause a car to go out of control. The jury could infer from this that the driver's loss of control of the car could not have reasonably been foreseen by the defendants. As Professor Prosser points out, a literal application of the term "foreseeability" in the context of independent intervening cause has given way to a consideration of what the defendant "has reason to anticipate under the particular circumstances." Prosser, W., Law of Torts, Section 44, at 272 (4th Ed. 1971).
 
 
 11
 There is strong authority that questions of factual causation and foreseeability are questions for the jury in New Mexico if evidence puts them into controversy. The evidence here supports an inference of a failure of factual causation between the defendants' actions and the plaintiff's injuries, and evidence was presented that the driver's behavior could not have been foreseen which would preclude the defendants' liability. On this evidence and under New Mexico law of independent intervening cause, we find that the instruction was permissible.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable George Templar, United States Senior District Judge for the District of Kansas, sitting by designation